283 So.2d 740 (1973)
STATE of Louisiana
v.
Bobby James WARREN.
No. 53459.
Supreme Court of Louisiana.
September 24, 1973.
Rehearing Denied October 26, 1973.
*741 Vincent Wilkins, Jr., Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Ossie Brown, Dist. Atty., Alton T. Moran, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendant was charged by bill of information with armed robbery, R.S. 14:64, and upon conviction therefor was sentenced to serve twenty years imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
Five bills of exceptions were reserved below. However, since counsel for defendant briefed and argued only two of the bills, we consider the others abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
Bill of Exceptions No. 1 was reserved to the ruling of the trial judge denying defendant's motion to suppress certain evidence. Bill of Exceptions No. 3 was reserved to the admission at trial of the evidence sought to be suppressed. The issues thus presented on appeal for our consideration require findings predicated on the facts and circumstances of the case.
On the afternoon of May 9, 1972, one Mrs. Bertha Green, owner and operator of a lounge located near Scotlandville, Louisiana noticed an old model white or gray Ford Thunderbird following her as she drove to the lounge to open it for the day. Two men were riding in the vehicle, and she recognized the driver as a man who had frequented her lounge on at least two prior occasions. When the two men in the Thunderbird followed her into the lounge's parking lot, Mrs. Green parked her vehicle and remained therein until the Thunderbird turned around and drove away. Mrs. Green stepped out of her automobile, entered the lounge, and began counting the money which she would use to start the day. About ten minutes later, the man whom she had recognized as the driver of the Thunderbird entered the club, pointed a sawed-off shotgun at her, and proceeded to rob her of the money she had been counting, the contents of the cash register, as well as the contents of her handbag which contained a small, red purse holding her I.D. cards and checkbook. At the direction of the intruder, Mrs. Green placed all these articles in a brown paper bag which the man took when he left. Mrs. Green telephoned the police department and reported the robbery.
When police officers arrived, Mrs. Green described to them the Thunderbird which had followed her. She described its driver and the man who had robbed her as a tall, slim Negro man with brown skin and bushy hair. While patrolling the same area two and a half hours later, the same officers *742 sighted a vehicle fitting the description given by Mrs. Green occupied by two men. The police officers pursued the suspect for several blocks and unsuccessfully attempted to stop him three times. Finally, his car turned onto a dirt road and stopped. The police officers got out of their vehicle, walked over to the defendant's vehicle, and ordered both men out of the automobile. One of the officers held a shotgun on the men while they were questioned and informed that the automobile, as well as themselves, were under investigation for armed robbery. When the defendant attempted to walk away, the officer pumped his shotgun, thereby inserting a shell into its chamber; the defendant halted.
The officers observed a suitcase resting on the back seat of the defendant's automobile. When two other police units arrived, the two suspects were taken to the police cars. One of the officers opened the rear door of defendant's vehicle and removed the suitcase, carried it to the police car, opened it, and discovered that it contained a brown paper bag, as well as defendant's clothing. The bag held some money and Mrs. Green's red purse. The defendant was driven to the police station where he was formally arrested.
In seeking a reversal of his conviction, defendant contends that the warrantless search of his automobile and the seizure of contraband therein were illegal since they were not incident to arrest, the arrest subsequently having occurred at the police station. Defendant asserts that there was no probable cause to conduct such a search and seizure. Therefore, according to defendant, the search and seizure violates the Fourth Amendment guarantee against unreasonable searches and seizures as applied to state proceedings through the Fourteenth Amendment. Defendant further contends that his conviction and sentence should be reversed because the fruits of the unlawful search and seizure were introduced as evidence at his trial.
According to Article 201 of the Louisiana Code of Criminal Procedure, "arrest" is defined as follows:
"Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him."
According to this statutory definition, an arrest occurs when a person is actually restrained by another either by the use of force or his own submission. An arrest occurs when one's movement is restrained. Rodriguez v. Hanchey, 359 F.2d 724 (5 Cir. 1966), certiorari denied 385 U.S. 884, 87 S.Ct. 179, 17 L.Ed.2d 112.[1] See also Rhodes v. Jordan, 157 So. 811 (La.App. 1934) which states: "When one is detained by an officer against his will, he is under arrest and in the custody of said officer." Therefore, we conclude that defendant was arrested, if not at the time the police officers stood beside his automobile and ordered him and his passenger out, certainly when defendant was not allowed to walk away by threat of a loaded shotgun. At that moment, defendant's freedom of motion was actually restrained by force.
Article 218 C.Cr.P. provides in part:
"A peace officer, when making an arrest without a warrant, shall inform the person to be arrested of his intention to arrest him, of his authority, and of the cause of the arrest."
Based upon the facts and circumstances of this case, it is evident that defendant knew that police officers intended to arrest him, their authority as police officers, and the cause for which he was being arrested at the time the arrest occurred, even though he was not formally placed under arrest until later at the police station.
*743 Article 213 of the Code of Criminal Procedure provides in pertinent part:
"A peace officer may, without a warrant, arrest a person when:

* * * * * *
"(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense although not in the presence of the officer;

* * * * * *
We stated in State v. Johnson, 249 La. 950, 192 So.2d 135 (1966):
"Reasonable belief or `probable cause' as it is termed under the federal standardto make an arrest without a warrant exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonably trustworthy information, are sufficient in themselves to justify a man of average caution in the belief that a felony has been or is being committed. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); State v. Green, 244 La. 80, 150 So.2d 571 (1963); State v. Aias, 243 La. 945, 149 So.2d 400 (1963); State v. Calascione, 243 La. 993, 149 So.2d 417 (1963).
"Compliance with these standards is, in the first instances, a substantive determination to be made by the trial court from the facts and circumstances of the case. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); State v. McIlvaine, 247 La. 747, 174 So.2d 515 (1965).
"And in determining compliance with these standards it is not the proof required for conviction which concerns us. Proof required to satisfy the requirement of reasonable belief or probable cause is less and is what the terms imply: probabilities and practical considerations of everyday life on which reasonable men could reasonably be expected to act. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); State v. Bourg, 248 La. 844, 182 So.2d 510 (1966)."
Accordingly, the finding of reasonable belief or probable cause is determined by the facts of the case.
In the present case, both the vehicle driven by defendant and the defendant himself fitted the description given by the victim. Two men were riding in the vehicle. It was sighted in the area of the robbery about two and a half hours thereafter. It was necessary for police officers to pursue defendant for several blocks and to make three unsuccessful attempts to stop him before defendant finally stopped his vehicle. From this combination of facts, we conclude that the police officers making the arrest herein had reasonable or probable cause to believe that defendant had committed the offense. See State v. Chambers, 263 La. 1080, 270 So.2d 514 (1972).
In light of the foregoing, we conclude that defendant was lawfully arrested.
It is well settled that a warrantless search of a person, as well as his immediate surroundings, incident to a lawful arrest, does no violence to the Fourth Amendment guarantee against unreasonable searches and seizures. State v. Wood, 262 La. 259, 263 So.2d 28 (1972) and the authorities therein cited.
Since the search of defendant's vehicle was incident to a lawful arrest, the seizure of contraband therefrom was likewise lawful and admissible at trial.
Furthermore, under the facts and circumstances of this case, there existed probable cause for the search of defendant's vehicle and seizure of the contraband therefrom even in the absence of a lawful arrest.
The United States Supreme Court recognized in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), as well as Carroll v. United States, 267 U.S. *744 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), that the search of an automobile on probable cause proceeds on a theory wholly different from that justifying the search incident to an arrest. In Chambers v. Maroney, supra, the Court quoted the following from the Carroll opinion:
"`The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' 267 U.S. at 158-159, 45 S.Ct. at 287, 69 L.Ed. at 554."
Based upon the foregoing reasons, we hold that the search and seizure in this case were constitutionally permissible. Accordingly, there is no merit to Bills of Exceptions Nos. 1 and 3.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs believing there was probable cause for the search.
NOTES
[1] This decision construed R.S. 15:58 which has since been replaced by Art. 201, La. C.Cr.P., both of which are substantially the same.