322 So.2d 205 (1975)
STATE of Louisiana
v.
Duane C. KING.
No. 56517.
Supreme Court of Louisiana.
November 3, 1975.
Rehearing Denied December 5, 1975.
*206 Wellborn Jack, Jack & Jack, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., R. Raymond Arthur, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant, Duane C. King, was charged by bill of information with the crime of manufacturing and/or producing marijuana, in violation of La.R.S. 40:966, subd. A(1). The case was tried on November 20 and 21, 1974; the jury returning a verdict of guilty as charged. The defendant was subsequently sentenced to four years imprisonment. On appeal, he relies on four assignments of error.

ASSIGNMENT OR ERROR NO. 1
Defendant's first assignment of error relates to an alleged unconstitutional search of his vehicle and subsequent testimony at the trial about certain items uncovered during that search.
On August 17, 1973, officers of the Natchitoches Parish Sheriff's office, acting on a tip, proceeded to a wooded area outside the city of Natchitoches, whereupon they discovered the defendant, his station wagon, and various pots, kettles, and stoves, in addition to a quantity of suspected marijuana. Also found near the pots and stoves were two empty Old Milwaukee beer cans.
After receiving no satisfactory explanation from the defendant for his presence in the area of the cooking operation, he was placed under arrest and advised of his rights. A loaded automatic pistol, which defendant alleged he was using as a target *207 pistol, was seen on the front seat of defendant's vehicle. A further search revealed an ice chest in an area between the rear seat and back door of the wagon. When an officer opened the ice chest, he found five unopened cans of Old Milwaukee beer.
At trial, one of the officers, over the defendant's objection, testified about the beer cans found by the pots and those found in the station wagon. While the five cans found in the ice chest were not introduced into evidence, defendant alleges the trial judge committed reversible error in allowing the officer to testify about what he found, since the search itself was unconstitutional. We cannot agree.
Police officers may search, incidental to a lawful arrest, the defendant and the area within his immediate control, for weapons or contraband. State v. Bradford, 298 So.2d 781 (La.1974). Having placed the defendant under arrest, one of the officers began to search the wagon next to which the defendant was standing at the time. Observing one loaded pistol in plain view on the seat, it was reasonable under the circumstances to search the rest of the vehicle. State v. Reed, 284 So.2d 574 (La.1973). As the United States Supreme Court stated in Chimel v. California, 395 U.S. 752, 762, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969):
A similar analysis underlies the "search incident to arrest" principle, and marks its proper extent. When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule.
We find that the search of the vehicle was incidental to a lawful arrest; therefore, the officer could properly testify about what he uncovered in that search.
Moreover, no contraband was in fact discovered in the car. The fact that two Old Milwaukee beer cans were found near the cooking paraphernalia and five in the defendant's vehicle is some evidence, however slight, tending to connect the defendant with the cooking operation. Thus, while not contraband, the cans were relevant and hence the officer's testimony admissible. La.R.S. 15:441.
Finally, the defendant argues that he was not under arrest for the alleged crime at the time of the search because an arrest warrant was not secured until the next day. One of the officers testified that he placed the defendant under arrest and advised him of his rights at the scene of the cooking operation. He was subsequently taken to the parish jail.
Arrest is defined in article 201 of the Code of Criminal Procedure:
Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him.
Clearly, the defendant was under arrest at the time his car was searched. State v. Warren, 283 So.2d 740 (La.1974).
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that La.R.S. 40:966, subd. A(1), under which he was *208 charged, is unconstitutional, because the term "manufacture" is vague and indefinite.
La.R.S. 40:966, subd. A(1) provides:
A. Manufacture; distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute or dispense, a controlled dangerous substance classified in Schedule I;
(2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule I.
"Manufacture" is defined in La.R.S. 40:961(19) as follows:
"Manufacture" means the production, preparation, propagation, compounding, or processing of a controlled dangerous substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis. "Manufacturer" includes any person who packages, repackages, or labels any container of any controlled dangerous substance, except practitioners who dispense or compound prescription orders for delivery to the ultimate consumer.
The statutes are quite clear in defining the proscribed conduct. The basis of the charge against the defendant is that he was boiling marijuana in order to extract its essence, thereby making it more concentrated, enabling a conversion into hashish. Such conduct clearly falls into the proscription against the "production . . . or processing . . . by extraction from substances of natural origin . . . ." La.R.S. 40:961(19).
A statute is void for vagueness only when it fails to give a person of ordinary intelligence fair notice of what conduct is criminal. State v. Lindsey, 310 So.2d 89 (La.1975); State v. Martin, 310 So.2d 544 (La.1975). La.R.S. 40:966, subd. A(1), taken together with La.R.S. 40:961(19), more than adequately gives a person of ordinary intelligence notice of what constitutes criminal conduct.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
The defendant assigns error to the trial judge's overruling of his motion for a directed verdict at the close of the state's case. The defendant argues that there was no evidence of the completed crime of manufacturing and/or producing marijuana, but, at best, the evidence showed an attempt.
One of the officers was qualified by the court as an expert in the field of narcotics. He testified that hashish is concentrated marijuana, and he further testified at length as to the method of converting marijuana into hashish. This officer examined the cooking operation at the scene, and testified that in his opinion, the operation was definitely intended to reduce the marijuana into hashish. At the time the operation was interrupted by the officers, the process was in the alcohol cooking stage.
This court has consistently held that the trial judge's ruling on a motion for a directed verdict will be reversed only if we find, as a matter of law, that there is "no evidence" of an essential element of the offense in the record. State v. Ford, 315 So.2d 276 (La.1975); State v. Williams, 311 So.2d 850 (La.1975); State v. Douglas, 278 So.2d 485 (La.1973). The officer's testimony is certainly some evidence that the defendant was engaged in the manufacture of hashish from marijuana.
Assignment of Error No. 3 is without merit.

*209 ASSIGNMENT OF ERROR NO. 4

Defendant's final assignment of error relates to the composition of the petit jury that tried him. The defendant contends that women were systematically excluded from the jury venire. In Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), the United States Supreme Court held that Louisiana's system of excluding women from jury venires unless they volunteered was unconstitutional. However, in State v. Rester, 309 So.2d 321 (La.1975), this court held that the Taylor decision will not be applied retroactively, in accord with the United States Supreme Court's decision in Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975). The defendant was tried in November of 1974, two months prior to the Taylor decision. Therefore, the Taylor decision is inapplicable.
Assignment of Error No. 4 is without merit.
Accordingly, the conviction and sentence are affirmed.