329 So.2d 696 (1976)
STATE of Louisiana, Relator,
v.
William BREAUX, Respondent.
No. 56625.
Supreme Court of Louisiana.
March 29, 1976.
*697 Frank J. Gremillion, Greco, Thompson & Gremillion, Baton Rouge, for respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., John W. Sinquefield, James E. Boren, Asst. Dist. Attys., for relator.
TATE, Justice.
The trial court sustained a motion to suppress marijuana seized from the defendant's person pursuant to a warrantless search. On application of the State, we granted certiorari to review this ruling. 319 So.2d 439 (1975).
The accused is charged with a second offense possession of marijuana. La.R.S. 40:966(C). The defendant contends that the marijuana was obtained by an unconstitutional search and seizure. The State, on the other hand, defends the legality of the search as incident to a lawful arrest.
Facts
The uncontradicted evidence shows:
The defendant was driving alone on an interstate highway just after midnight. He was stopped by a policeman (first officer). After alighting from his own car, the accused walked back and met the policeman at the front of the police car and handed him his license. The officer informed him that he was speeding 65 mph, i. e., in excess of the 55 mph speed limit.
*698 The first officer wrote a traffic ticket (summons) and radioed for confirmation of the ownership of the vehicle. While he and the accused were standing by the police vehicle awaiting this routine check, a second officer drove up and parked in front of the defendant's car.
The second officer had not seen the defendant driving in excess of the speed limits, nor (so far as the record shows) did he know why the first officer had stopped him. Nevertheless, without even communicating with the defendant or the first officer, the second officer opened the defendant's automobile, searched it, and found a beer can on the floor. (We note once again that the only unlawful conduct was non-erratic driving slightly in excess of the speed limits on an interstate highway and that this second officer did not himself know of this.)
The second officer then walked over to where the first officer and the defendant were standing awaiting radio confirmation of the ownership of the latter's vehicle. The first officer had by then written out a ticket (summons) for a speeding violation.
After asking the accused how many beers he had drunk (one), the second officer then put his hand on the right hand pocket of the blue jean pants worn by the defendant. The policeman squeezed it, felt something soft, and put his hand in and dragged out a small cellophane bag containing two marijuana cigarettes.
The defendant was then placed under custodial arrest for possession of marijuana and brought down to the police station and booked for the drug offense. (He was not charged with the traffic offense.)
Issue
The narrow issue before us is whether a temporary detention of a person for purposes of issuing a summons for a traffic offense justifies, without more reason, a full search of his person.
We hold, as did the trial court, that, in such circumstances, the search of the detained party's person is unreasonable and that the product of this unconstitutional search by a governmental officer cannot be used in evidence against that party. We thus reject the State's claim that such a search should be regarded as justified as incident to a lawful arrest.
Applicable Legal Principles
Article 1, Section 5, of the Louisiana Constitution of 1974 provides; "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches . . . Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court."
The constitutional provision was designed to protect the traditional American right to freedom of individuals from unwarranted invasion of their privacy by officers of government. It incorporates the traditional American concept that searches should ordinarily only be conducted pursuant to warrants supported by sworn sufficient probable cause and that, except in limited and exigent circumstances, warrantless searches are prohibited.
The State correctly urges that one of these exceptions to the warrant-requirement is a search incident to a lawful arrest. See, e. g., State v. King, 322 So.2d 205 (La.1975); State v. Thomas, 310 So.2d 517 (La.1975), and State v. Warren, 283 So.2d 740 (La.1973). Essentially, as these cases note, the justification for the warrantless search of a person arrested for a crime is based upon the exigent necessity of removing any weapons and of preserving any evidence within the immediate reach of the arrested person. Cf. also federal decisions, such as United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) and Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973).
*699 The State contends that here the person was "arrested" simply because he was lawfully detained.
The State relies with considerable confidence upon the definition of arrest set forth by La.C.Cr.P. art. 201: "arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him."
Thus, where a person is detained with the purpose of taking him into custody, an arrest occurs, even if the police officer does not formally so inform the arrestee. State v. Warren, 283 So.2d 710 (La.1973).
On the other hand, it is not every authorized detention by a police officer that justifies a full search of the person of the detainee. A governmental officer may have authority to question a witness, for example, without thereby acquiring the right to search his person. In our stop and frisk statute, for another instance, the legislature has specifically recognized the limited right of search of the person even of one whom the officer may reasonably suspect has committed a crime. La.C.Cr.P. art. 215.1 (1968).[1]
A search incident to a lawful arrest is a limited exception to the constitutional prohibition of warrantless searches. The underlying exigent reasons permitting this searchthe protection of the arresting officer and the prevention of destruction of incriminating evidence in connection with the offense for which arrestedordinarily do not apply to the detention of a non-dangerous motorist in order for the officer to issue a summons for his prior traffic conduct. A Louisiana motorist does not, by entering his vehicle, lose at the whim of a traffic policeman his constitution's protection of his person against unreasonable searches.
We find no authority in prior judicial decision, American history, or legal reason to support the State's position that a lawful governmental detention, without more, can constitutionally serve as authority for a full search (without any other cause) of the detainee's person.
In short, not every authorized detention may constitute an "arrest" which justifies incident to it a search of the person. The arrests contemplated which do justify a search of the person incident to it are full-custody arrests reasonably and lawfully made with the purpose of booking the person, La.C.Cr.P. art. 228, for the offense charged. Historically, only such an arrest has been the basis of a constitutionally authorized search as incident to it. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 456 (1973).
Here, no custodial arrest had occurred. Instead, the only police officer who had probable cause to make an arrest, had already determined instead to issue a summons (ticket) for the traffic offense, La.
*700 C.Cr.P. art. 208,[2] as was within his authority, La.C.Cr.P. art. 211.[3]
This being so,[4] no such custodial arrest had occurred which justified a search as incident to it, the only reason here advanced to justify the search. Nor is any other justification shown for the second officer's search, such as a reasonable suspicion that the detainee had a weapon (the patdown revealed only something soft, like a handkerchief or a plastic bag). See La.C.Cr.P. art. 215.1 (quoted in footnote 1).
As we interpret them, the United States Supreme Court decisions interpreting the federal constitution's Fourth Amendment reach the same conclusion, with regard to the precise issue before us, as do we in now interpreting Louisiana's similar but more express constitutional provision. They recognize the difference between a search of the person incident to a full-custody arrest, United States v. Robinson and Gustafson v. Florida, cited above,[5] and the limited occasion for and extent of a search in connection with a detention less than a full-custody arrest, Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
Conclusion
For the reasons assigned, we affirm the district court's finding that the search of the motorist detained merely for issuance of a summons was unreasonable; we therefore affirm the district court's judgment, which sustained the motion to suppress the evidence seized as being the product of an unconstitutional search.
AFFIRMED.
MARCUS, J., concurs and assigns reasons.
SANDERS, C. J., concurs in the result.
SUMMERS, J., dissents.
MARCUS, Justice (concurring).
Where a law enforcement officer has probable cause to believe that a person has committed a crime, he may place that person under arrest. Incident to such lawful arrest, the officer may lawfully conduct a full search of the arrestee and of the area within his immediate control for weapons and for evidence of a crime. Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The first policeman in the instant case, having witnessed defendant commit a traffic offense, had probable cause to arrest him. Had he done so, a search of his person would have been lawful, and the admission in evidence of the marijuana thereby seized would have offended neither the fourth amendment nor article 1, section 5 of the Louisiana Constitution of 1974.
The first policeman, however, chose not to place defendant under arrest. Instead, *701 he stopped the vehicle and commenced issuing defendant a summons in lieu of placing him under arrest. This initial stop of defendant's vehicle was clearly proper, since only Reasonable suspicion (a standard lower than the "probable cause" needed for arrest) is required for a lawful stop and temporary detention for questioning. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); La.Code Crim.P. art. 215.1(A), added by La.Acts 1968, No. 305, § 1. After stopping the person, an officer, if he reasonably suspects that he is in danger of life or limb, may search the person's outer clothing for a dangerous weapon or for any other thing the possession of which may constitute a crime. La.Code Crim.P. art. 215.1(B). See Adams v. Williams, supra; Terry v. Ohio, supra. Accordingly, had defendant's pockets been "frisked" because of the officers' fear for their safety, the search would have been lawful. Neither officer, however, testified at the hearing on the motion to suppress. Hence, the state made no showing that defendant was searched because of a reasonable suspicion that the officers were in danger. In the absence of such a showing, the search of his person was unlawful and the evidence thereby seized was properly suppressed. I therefore concur.
NOTES
[1] La.C.Cr.P. art. 215.1 provides:

"A. A law enforcement officer may stop any person in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or a misdemeanor and may demand of him his name, address and an explanation of his actions.
"B. When a law enforcement officer has stopped a person for questioning pursuant to this Article, and reasonably suspects that he is in danger of life or limb, he may search the outer clothing of such person for a dangerous weapon or for any other thing the possession of which may constitute a crime.
"C. If the law enforcement officer finds a dangerous weapon or any other thing the possession of which may constitute a crime, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person." (Italics ours.)
[2] La.C.Cr.P. art. 208 provides:

"A summons is an order in writing, issued and signed by a magistrate or a peace officer in the name of the state, stating the offense charged and the name of the alleged offender, and commanding him to appear before the court designated in the summons at the time and place stated in the summons."
[3] La.C.Cr.P. art. 211 provides:

"When it is lawful for a peace officer to arrest a person without a warrant for a misdemeanor, he may give a written summons instead of making an arrest, if he has reasonable ground to believe that the person will appear upon a summons. In any case in which a summons has been issued, a warrant of arrest may later be issued in its place."
[4] Here, the detaining officer had specifically informed the detainee that a summons would be issued. We expressly do not hold, however, that an arbitrary or non-customary decision of an officer to arrest a person instead of to issue a summons for a misdemeanor will justify as reasonable any search incident to it. Cf., Amsterdam, Perspectives on the Fourth Amendment, 58 Minn.L.Rev. 349, 416-17 (1974).
[5] In the context of the issues before them, these decisions simply held that a full-custody arrest justifies a search of the person arrested without, in addition, any requirement that there be probable cause to believe that the person is armed or has evidence in his possession which he may destroy. See also Note, 39 Albany L.Rev. 895, 896-900 (1975).