364 So.2d 902 (1978)
STATE of Louisiana
v.
Craig DAIGRE.
No. 62174.
Supreme Court of Louisiana.
October 9, 1978.
Rehearing Denied December 14, 1978.
*903 Daniel T. McKearan, Jr., Harahan, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Division, Gretna, for plaintiff-respondent.
DENNIS, Justice.
Following a search of his automobile during which evidence was seized, defendant was charged by bill of information with possession of marijuana in violation of La. R.S. 40:966. After his motion to suppress the evidence was heard and denied the defendant entered a guilty plea, reserving his right to appeal from the adverse ruling on the motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976). The court sentenced the defendant to pay a fine of $150.00 and to serve six months in jail, suspended the jail sentence and placed the defendant on inactive probation for a period of six months.
On June 11, 1977, a police officer stopped the defendant and his passenger for allegedly making an illegal turn at the intersection *904 of Veterans Highway and Clearview Parkway. As the officer approached the defendant's vehicle he saw the defendant "slumped over," suggesting to the officer that the defendant might be concealing something beneath the seat of the car. The officer asked the defendant to get out of the car, but the passenger was permitted to remain in the front seat. The officer then proceeded to search under the front seat of the car and discovered six plastic bags of marijuana. The defendant was arrested for possession of marijuana, but no traffic citation was issued.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. A warrantless search is unreasonable unless the search can be justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Lain, 347 So.2d 167 (La. 1977). The state bears the burden of proving that one of these exceptions applies. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Adams, 355 So.2d 917 (La.1978); State v. Franklin, 353 So.2d 1315 (La.1978).
The only argument offered in support of the constitutionality of the warrantless search in the present case was that the search was made incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Breaux, 329 So.2d 696 (La.1976); State v. King, 322 So.2d 205 (La.1975); State v. Braford, 298 So.2d 781 (La.1974). This exception occasionally has been invoked to justify searches made incident to the arrest of persons for traffic violations. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) (defendant arrested for driving after his license had been revoked); Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973) (defendant arrested for driving without a license). However, in order for a search to be valid as an incident to a lawful arrest, the state must prove that the defendant had in fact been arrested at the time the search was conducted. State v. Marks, 337 So.2d 1177 (La.1976).
An arrest occurs only when the facts and circumstances indicate that the police officer has formed an intent to restrain the liberty of an accused for an extended period of time. La.C.Cr.P. art. 201; State v. Robinson, 342 So.2d 183 (La.1977); State v. Warren, 283 So.2d 740 (La.1973). The defendant in the present case was initially stopped for a minor traffic violation, but he was not arrested for that offense.[1] The police officer testified that the defendant was arrested only after the marijuana was discovered. Since the defendant had not been arrested when the search was conducted, the search cannot be valid as incident to a lawful arrest.[2]
We recognize, however, that a police officer is sometimes justified in making a limited weapons search of a person who has not been arrested. Thus, a police officer may conduct a "pat-down" search of the outer garments of a person suspected of committing a crime if the officer reasonably *905 believes that the suspect is armed and dangerous. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). These "stop and frisk" cases represent a pragmatic attempt to accommodate the police officer's legitimate need for protection during a confrontation with suspects believed to be armed. Such a "pat-down" search is now specifically authorized by La.C.Cr.P. art. 215.1. The "stop and frisk" doctrine may have been slightly expanded by a recent decision of the United States Supreme Court. In Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), the Court held that a police officer, upon stopping a vehicle for a minor traffic violation, may require the driver to get out of the car even though the officer has no specific reason to believe that the driver is armed or dangerous. In Mimms, the police officers made a "pat-down" search of the driver only after noticing a bulge in the driver's jacket which led the officers to believe that the driver was armed, and the officers' search was limited to the person of the driver.
The search of defendant's car in the present case, however, cannot be justified as a "stop and frisk" search. The police officer had no reason to believe that the defendant or his passenger was armed or dangerous.[3] Moreover, the officer did not merely frisk the defendant's outer garments. He returned to the car and reached beneath the seat in order to discover the marijuana.
It is true that automobiles are accorded less protection against warrantless searches than homes or offices. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). However, it is also true that "[t]he word `automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." Coolidge v. New Hampshire, 403 U.S. 443, 461, 91 S.Ct. 2022, 2035, 29 L.Ed.2d 564, 580 (1971). We conclude that the search of defendant's car in the present case violated the Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution.
The trial court erred in overruling the defendant's motion to suppress the marijuana seized from his vehicle on June 11, 1977. Accordingly, the judgment of the trial court is reversed, and the motion to suppress is granted. The case is remanded for further proceedings not inconsistent with the views expressed herein.
SUMMERS, J., dissents.
SANDERS, C. J., and MARCUS, J., dissent and assign reasons.
SANDERS, Chief Justice (dissenting).
The question here is a very close one. I am inclined, however, to sustain the seizure.
A police officer, working alone at night, stopped an automobile for making an illegal turn. The defendant-driver and a passenger occupied the automobile. As the officer approached the car, he observed the defendant slump over as if he was intoxicated or "was shoving something underneath the seat." (Tr. 38) The officer testified that he thought a dangerous weapon might be under the front seat (Tr. 41-43) and that he feared for his safety. The officer reached under the seat for weapons and found six plastic bags of marijuana but no weapon.
Under the circumstances, I think the seizure falls within the ambit of a reasonable "frisk" to protect the officer in the performance *906 of his duty. This is especially true here because the passenger remained in the automobile. He, as well as the defendant, could have reached for a weapon under the seat. LSA-C.Cr.P. Art. 215.1; Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977); State v. Winesberry, 256 La. 523, 237 So.2d 364 (1970).
As the trial judge ruled, the action taken by the officer was a reasonable protective measure.
For the reasons assigned, I respectfully dissent.
MARCUS, Justice (dissenting).
I agree that defendant was not arrested at the time of the search. Hence, the search was not incident to a lawful arrest. Moreover, I do not consider that the search can be justified as a "stop and frisk" in a traditional sense. However, I do believe that, under the circumstances here presented,[1] the limited search under the front seat of the car by the police officer was reasonable in order to discover the possible presence of a weapon which was accessible to the passenger still located in the front seat. Hence, I do not consider that defendant's rights under the fourth amendment were violated. I respectfully dissent.
NOTES
[1] In State v. Breaux, 329 So.2d 696 (La.1976), this Court pointed out that "not every authorized detention may constitute an `arrest' which justifies incident to it a search of the person." Id. In the present case the defendant was not even issued a summons for the alleged traffic offense. Nor could the police officer have validated a search by making a full custody arrest for a minor traffic violation where an arrest would not be the customary procedure. See, Breaux, at p. 700, n. 4; The Work of the Louisiana Appellate Courts for the 1975-1976 Term  Pre-Trial Criminal Procedure, 37 La.L. Rev. 535, 537 (1977).
[2] It should be noted that even if the defendant had been lawfully arrested prior to the search in this case, it is doubtful that the search of defendant's car would be constitutional. A search incident to arrest authorizes an arresting officer to search the person arrested and the area immediately surrounding him from which a weapon could be seized or evidence could be destroyed. This purpose is not served by a search of the vehicle when the defendant has already been removed from the car. State v. Gaut, 357 So.2d 513 (La.1978); State v. Navarro, 312 So.2d 848 (La.1975).
[3] The trial judge found that this search was valid because the driver apparently had placed something under the seat and the passenger remained in the vehicle. The police officer was alone at the time he made the traffic stop in the present case, and he testified that "[m]ore police officers get killed on traffic stops than any other time." Nevertheless, the officer could articulate nothing which caused him to believe that the defendant or his passenger might be armed or dangerous. The actual reason for the search seems to be the officer's "hunch" that something illegal would be discovered under the front seat of the car. As the officer himself put it: "I just wanted to see what was under the seat."
[1] The police officer was alone at the time of the traffic stop; as the officer approached defendant's vehicle, he saw defendant "slumped over," suggesting to the officer that defendant might be concealing something beneath the seat; the passenger remained in the front seat.