445 So.2d 50 (1984)
STATE of Louisiana
v.
Carlin MORGAN.
No. K 1457.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1984.
Writ Denied March 9, 1984.
*51 Harry F. Connick, Dist. Atty., Nancy Sharpe, Asst. Dist. Atty., Timothy M. Warner, *52 Student Practitioner, New Orleans, for the State.
William Noland, Gary W. Bizal, New Orleans, for Carlin Morgan.
Before SCHOTT, CIACCIO and WARD, JJ.
CIACCIO, Judge.
Upon application of the State, we granted certiorari to review a ruling of the district court which granted defendant's motion to suppress evidence, viz, a gun, seized from defendant's person pursuant to a warrantless search.
The facts are uncontroverted. Defendant was driving a motorcycle and attracted the attention of the police because he was "lagging behind" traffic. The police noticed that defendant would not pass the patrol car although they were traveling at 5 to 10 m.p.h. below the speed limit. While stopped at a traffic light, the police officers noticed the defendant was not wearing any eye protection, a violation of La.R.S. 32:190.1.
When the light turned green the officers allowed defendant to proceed ahead of them. Then, they pulled him over for the purpose of issuing him a citation for no eye protection. While looking at defendant's driver's license, the officers noticed that his license did not have a motorcycle endorsement. Because of the lacking endorsement, the officers effected a custodial arrest of defendant. Incident to this arrest the defendant was searched and the officers found a gun and a knife. Defendant was then arrested for carrying the concealed weapons, and later charged for being a convicted felon in possession of the firearm.
When a law enforcement officer has probable cause to believe that a person has committed a crime, he may place that person under arrest. Incident to such lawful arrest, the officer may lawfully conduct a full search of the arrestee and the area within his immediate control for weapons and for evidence of a crime. Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Blanchard, 374 So.2d 1248 (La.1979); State v. Daigre, 364 So.2d 902 (La.1978); State v. Breaux, 329 So.2d 696 (La.1976).
Defendant argues that the evidence should be suppressed because he was unlawfully arrested. Defendant argues that driving a motorcycle without a license to do so is not a violation of law. Alternatively, defendant argues that, if his failure to have a motorcycle endorsement is a violation, it is a violation for which the officer may only issue a summons and the officer may not execute a custodial arrest.
We must determine whether the full custody arrest of defendant was lawful. If the arrest was lawful, the search of defendant incident thereto was lawful and the evidence seized should not be suppressed. If the officer has authority only to issue a summons and may not make a custodial arrest, the defendant could not be searched and evidence found as a result of a search should be suppressed.[1]State v. Breaux, supra.
La.R.S. 32:408(C.) requires that motorcycle use "shall be provided for by making an endorsement on one of the basic classes [of licenses] outlined in this section. Such an endorsement shall be made only after the applicant has taken and successfully passed tests specifically designed for the *53 operation of [motorcycles]." La.R.S. 32:423 gives the Department of Public Safety authority "to impose restrictions suitable to the licensee's driving ability with respect to the type of ... motor vehicle which the licensee may operate ...." The statute further provides that, "The department may either issue a special restricted license, or may set forth such restrictions on the usual license form. * * * No person shall operate a motor vehicle in violation of the restrictions imposed in the license issued to him."
We read the above statutes to require that anyone wishing to operate a motor vehicle on the roadways of this state must obtain the appropriate endorsement on his license. This endorsement may be obtained only after the person, with an otherwise valid license, has successfully passed tests designed specifically to ensure that person's ability to safely operate a motorcycle. La.R.S. 32:423 makes operation of a motorcycle without having first obtained the appropriate endorsement, a violation of law. The penalty for such a violation is found in La.R.S. 32:427, which provides, "Whoever violates a provision of this Chapter [i.e., Chapter 2. Driver's License Law] shall be fined not less than ten dollars, nor more than five hundred dollars or imprisoned not more than six months, or both."
The violation of driving a motorcycle without first obtaining the appropriate endorsement is, by definition, a misdemeanor offense. La.C.Cr.P. Art. 933; La.R.S. 14:2.[2] Having committed a misdemeanor offense in the presence of the officers, defendant was subject to arrest without a warrant. La.C.Cr.P. Art. 213. Not every authorized detention, however, may constitute an "arrest" which justifies incident to it a search of the person. The arrests contemplated which do justify a search of the person incident to it are full custody arrests reasonably and lawfully made with the purpose of booking the person, La.C. Cr.P. Art. 228, for the offense charged. State v. Breaux, supra.
The officers in this case effected a full custody arrest of defendant with the purpose of booking him for driving a motorcycle without the appropriate license endorsement. The record indicates that defendant was booked for his violation of La.R.S. 32:423. If this full custody arrest was reasonably and lawfully made, then the search of defendant was also lawful. We must determine, then, whether a full custody arrest is authorized for a violation of the Louisiana Driver's License Law, La. R.S. 32:401-427.
The Louisiana Driver's License Law comprises the entirety of Chapter 2 of Title 32 of the Louisiana Revised Statutes. Within Chapter 2 there is no provision addressing whether violators should be arrested or only issued summonses. By contrast, Title 32, Chapter 1, Louisiana Highway Regulatory Act, provides that the arresting officer "shall issue a summons or otherwise notify [the Chapter 1 violator] in writing to appear at a time and place to be specified in such summons and notice." La.R.S. 32:391.
The penalty for violations of Chapter 1 is much less severe than the penalty, noted above, for Chapter 2 violations. See La. R.S. 32:57. The Legislature apparently considered Chapter 1 violations less serious than Chapter 2 violations, and provided that Chapter 1 violators shall be issued summonses while making no such provisions for Chapter 2 violators.
We would expect that, absent some contrary directive, a law enforcement officer who witnesses the commission of a misdemeanor offense would arrest the perpetrator. The only authority for issuing a Chapter 2 violator a summons rather than making a full custody arrest is La.C. Cr.P. Art. 211,[3] which provides,

*54 Art. 211. Summons by officer instead of arrest and booking
A. When it is lawful for a peace officer to arrest a person without a warrant for a misdemeanor, he shall give a written summons instead of making an arrest if all of the following exist:
(1) The officer has reasonable grounds to believe that the person will appear upon summons;
(2) The officer has no reasonable grounds to believe that the person will cause injury to himself or another or damage to property or will continue in the same or a similar offense unless immediately arrested and booked;
(3) There is no necessity to book the person to comply with routine identification procedures.
B. In any case in which a summons has been issued, a warrant of arrest may later be issued in its place.
The unstated corollary to Art. 211 is that if all three of the article's requirements are not met, the officer shall make an arrest rather than issue a summons.
In this case the officers were prohibited from issuing defendant a summons under La.C.Cr.P. Art. 211 because the requirement of Art. 211 A (2) was not satisfied. Absent a motorcycle endorsement on defendant's license, the officers did not have reasonable grounds to believe that defendant could safely operate the motorcycle without causing injury to himself or another or damage to property. Further, if the officers had only issued a summons and allowed defendant to drive away, they would have permitted him to continue committing the same offense, as he would still not be authorized to drive a motorcycle.
We conclude that the officers in this case acted properly by making a full custody arrest of defendant.
An additional argument has been made that La.R.S. 32:411 (which is in Chapter 2) gives the person arrested the option of depositing his driver's license in lieu of bail, therefore, giving the arrestee the option to determine if his arrest should be of the full-custody variety. This statute is part of Chapter 2 because it deals directly with drivers' licenses. It does give the arrested licensee the option of depositing his license in lieu of bail. The statute, however, applies only when the person is lawfully possessed of an operator's license and is arrested and charged with a violation of a Chapter I offense or any municipal or parish ordinance. It has no application to this case.
We hold that defendant was subject to a full custody arrest for having violated the provisions of La.R.S. Title 32, Chapter 2, in the presence of the arresting officers. Incident to that full custody arrest defendant was subject to a full search of his person and the area within his immediate control. Any evidence seized as a result of such a search is not suppressible on the ground that the search was unconstitutional.
Accordingly, the judgment of the district court is reversed. Defendant's motion to suppress is hereby denied. This case is remanded to the district court for further proceedings consistent with this opinion.
NOTES
[1] Even in a non-custodial detention, like the one in Breaux, an officer, after stopping the person, if he reasonably suspects that he is in danger of life or limb, may search the person's outer clothing for a dangerous weapon or for any other thing the possession of which may constitute a crime. La.C.Cr.P. Art. 215.1. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The reasonable suspicion which would authorize a "stop and frisk" is not, however, the legal justification for the search in this case. The only legal justification for the search in this case is that it is incident to a lawful arrest.
[2] See State v. Hammett, 359 So.2d 126 (La. 1978), and La.C.Cr.P. Art. 15, that the application of articles of the Louisiana Code of Criminal Procedure is not restricted to the crimes defined in the Louisiana Criminal Code (i.e. Title 14 of the Louisiana Revised Statutes).
[3] We consider La.C.Cr.P. Art. 211 to be applicable to crimes other than those defined by Title 14 of the Louisiana Revised Statutes. See footnote 2. See also, the Official Revision Comment under Art. 211.