442 So.2d 1251 (1983)
STATE of Louisiana
v.
Larry GUIDRY.
No. 83-KA-461.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1983.
*1252 William C. Credo, III, Abbott Reeves, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Harold D. Marchand, New Orleans, for defendant-appellant.
Before BOUTALL, BOWES and GRISBAUM, JJ.
GRISBAUM, Judge.
The trial court denied the defendant's motion to suppress the evidence, two tablets of methaqualone found in a search of his outer clothing, and he appeals. We affirm.
On July 17, 1982, at approximately 11:15 p.m., the defendant, Larry Guidry, was riding his motorcycle in a westerly direction on Metairie Road, Metairie, Louisiana. He was observed by the arresting officers to have struck another vehicle in traffic and continue on his way in an erratic, hazardous manner. The officers signaled Guidry to pull over. The deputies placed him on their car and searched his outer clothing. Two pills resembling aspirin tablets, which were later identified as methaqualone, were discovered in the defendant's left shirt pocket. Guidry was issued two traffic citations,[1] one for speeding and one for careless operation of a motor vehicle, and was then transported to lockup.
*1253 A bill of information was filed by the Jefferson Parish District Attorney's Office against the defendant for violation of Louisiana Revised Statute 40:967 C, possession of methaqualone. Thereafter, the defendant filed a motion to suppress the evidence which was heard on October 27, 1982 and denied. On December 6, 1982 defendant plead guilty as charged reserving the right to appeal the ruling on the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976).
The issue is whether the warrantless search was incident to a lawful arrest so as to be constitutionally authorized under the fourth amendment of the United States Constitution as incorporated into the fourteenth amendment, United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973), and article I § 5 of the Louisiana Constitution.
Guidry claims the arresting officers failed to explain to him prior to the search that he had been placed under arrest and, he argues he was not placed under arrest until after the search was made and methaqualone tablets discovered.
To the contrary, we find there was an actual and lawful arrest preceding the search and that the methaqualone tablets were properly admitted by the trial court.
The arresting officer was authorized to make the arrest pursuant to article 213 of the Louisiana Code of Criminal Procedure, which provides that a peace officer, without a warrant, may make an arrest when the person to be arrested has committed a misdemeanor and the arrest is made immediately or on close pursuit. Arrest is defined in article 201 of the Louisiana Code of Criminal Procedure as the taking of one person into custody by another with actual restraint.
The Louisiana Supreme Court defined arrest for the purposes of a search incident thereto as follows:
Not every authorized detention constitutes an "arrest" which justifies incident to it a search of the person arrested; the arrests contemplated which do justify search of the person incident to it are full-custody arrests reasonably and lawfully made with the purpose of booking the person for the offense charged.
State v. Breaux, 329 So.2d 696 (La.1976).
Deputy Pinero, the arresting officer, insisted at trial that it was his intention to arrest Guidry prior to searching him and that he did, in fact, make the arrest prior to search.
Guidry claims Deputy Pinero did not advise him he was under arrest. Even if this is the case, where a person is detained for the purpose of a full-custody arrest, the fact that he is not verbally advised of the arrest until after the search does not alter the fact of the arrest. State v. Bourgeois, 388 So.2d 359 (La.1980).
The trial court, based upon testimony at trial, found the arrest preceded the search. Assessing the credibility of witnesses is a matter in which the trial judge's discretion is broad, and it is a matter concerning which he is particularly well situated. The trial judge chose to believe the testimony of the police officer, and we find no abuse of discretion in his reaching this decision.
The constitutionally authorized warrantless search incident to a lawful arrest is a narrowly drawn exception to the per se warrant rule under the fourth amendment of the United States Constitution as incorporated into the fourteenth amendment, Robinson, supra, and article I § 5 of the Louisiana Constitution. An arbitrary or non-customary arrest of a traffic offender does not support a warrantless search incident thereto. See, Breaux, 329 So.2d 696 at 700.
Certainly, the decision to arrest Guidry was not an arbitrary one. Deputy Pinero testified he and Agent Krafberg observed the defendant's vehicle strike a car in the 2500 block of Metairie Road. The defendant continued on his way, speeding and careening from the road onto the shoulder and back again. He was stopped *1254 by the police approximately nine blocks away from the original impact. His reckless behavior posed a danger to life and property and indicated a need for custodial supervision. The serious danger inherent in this particular factual situation distinguishes the defendant's violations from the typical traffic violation for which arrest is not customary.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Guidry alleges the two citations were issued prior to the search and indicate an intention on the part of the officers not to arrest him but, rather, to summons him to court for the traffic violations. Guidry cites La.C.Cr.P. art. 211. The fact of the issuance of the citations does not lend support to his allegations. Deputy Pinero testified that the citations were issued simultaneously with the search, and, in any event, the deputy did not require Guidry to sign the summons. Further, he testified that citations are always issued, regardless of whether there is an arrest.