BYRNES, Judge.
Martin Rosell appeals his conviction of possession of more than 400 grams of co-eajne ⅛ violation of La.R.S. 40:967. We affirm.
Martin F. Rosell and Eduardo Rodriquez were charged by bill of information with possession of over 400 grams of cocaine. Following the denial of the motion to suppress, Rosell moved to sever his trial from that of Eduardo Rodriquez. The motion was granted. After trial by jury Rosell was found guilty as charged, sentenced to thirty years at hard labor and fined $500,-000 and court costs or, in default, sentenced to serve one additional year. Rosell appeals his conviction.
On appeal, defendant contends the trial court erred in refusing to reopen, during trial, a motion to suppress evidence which had been denied prior to trial. He bases this argument on the contention that the trial testimony of Officer Clark indicated that, although a warrant to search the person of the defendant was issued, the defendant was relieved of his keys before the warrant was issued. He contends that the search which yielded the keys was vio-lative of his constitutional rights.
The evidence reflects that on July 7,1985 the Jefferson Parish Sheriff’s Office (“JPSO”) was conducting an investigation of cocaine trafficking between Rodriquez and Lazaro Barrios. That day Detective Marguno met Officer Valenti, both of the JPSO, in the 3600 block of Iberville Street in New Orleans. Valenti pointed out a Cadillac and Manguno began following it. He followed the car to O’Reilly Street. There Rodriquez exited the car and went into a residence. Five minutes later the defendant pulled up in a maroon Mercury. Rodriquez got into the Cadillac, and the vehicles departed in separate directions. Manguno continued to follow the Cadillac which eventually arrived at 3635 Paris Avenue. The Cadillac parked in front of the residence; the Mercury pulled into the driveway. Both men entered the house. Both left, and Manguno followed Rodriquez first back to Iberville Street and then into Jefferson Parish. There Rodriquez *1298 was stopped and found to have four grams of cocaine in his possession.
Officer Marina of the New Orleans Police Department (“NOPD”) met Rodriquez on the afternoon of July 7. He testified that Rodriquez was immediately cooperative and gave him permission to search the Paris residence. On Marina’s orders, Lloyd Clark, NOPD, set up a surveillance of 3635 Paris Avenue at 5:55 p.m. that afternoon involving himself and Officers Simpson and Marina. All were in plain clothes in unmarked cars. Shortly after 6:00 p.m. defendant drove up, walked in front of the house and up the driveway, then turned and looked in Clark’s direction. He stared, started back up the driveway, stopped, turned around, and stared again. He went down the driveway, stepped back, and looked in Clark’s direction again. He then walked down Paris toward the lake, (the opposite direction from his car) crossed the street and started walking toward the river on Paris. He passed Clark, looked at him, and walked on. Clark radioed Marina who stopped the defendant approximately one block away on Hamburg Street. Officer Clark testified that when he arrived on Hamburg Street, the defendant had already been stopped by Sampson and Marina. Marina had in his custody a ring of keys belonging to the defendant. The keys were returned to Rosell. At the close of Clark’s testimony, defense counsel moved for “mistrial based primarily on the court’s denial of the motion to suppress the evidence”. He argued the warrant sought the search and seizure of the keys, but the keys had in fact already been seized before the warrant was applied for. The trial court denied the motion for a mistrial and refused to reopen the motion to suppress.
A search performed incident to a lawful arrest is recognized as an exception to the warrant requirement. State v. Wilson, 467 So.2d 503 (La.1985), cert. denied, Wilson v. Louisiana, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). In order for such search to be valid, the State must prove that probable cause existed for the defendant’s arrest. State v. Wilson, supra. “Probable cause to arrest exists when the facts and circumstances known to the officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing the person to be arrested has committed a. crime.” State v. Wilson, supra, at 515; State v. Ruffin, 448 So.2d 1274 (La.1984).
Here, the officers had knowledge that the defendant and Rodriquez had been under investigation for cocaine trafficking. They knew the Jefferson officers had seen the men meet that day and go to the Paris home. After going to the Paris house, and on his way to a cocaine transaction, Rodriquez was stopped and found in possession of four ounces of cocaine. Rodriquez was immediately cooperative and identified the defendant as his source. He gave information of exactly where the cocaine could be found: in a hidden tool box in the Paris home. The officers went to the location, entered the house with Rodriquez’s consent and found the set-up to be exactly as Rodriquez had described it would be. They witnessed the defendant go to the house, attempt to use his key, and then notice undercover police in the area. The defendant left the house and acted irrationally in that he walked away from his car, crossed the street, stared into Clark’s car, and then continued to walk away from his own car. Based upon this information, the officers clearly had probable cause to believe the defendant was in possession of cocaine. As such, the officers had probable cause to arrest.
The officers testified they did not formally place the defendant under arrest when they stopped him. However, as the Louisiana Supreme Court noted in State v. Raheem, 464 So.2d 293 (La.1985), “An arrest occurs when the circumstances indicate an intent to effect an extended restraint on the liberty of the accused, rather than at the precise time an officer tells an accused he is under arrest.” Id. at 296; State v. Junegain, 478 So.2d 542 (La.App. 4th Cir.1985), writ den. 483 So.2d 1018 (1986).
Here, the officers intended to effect an extended restraint on the liberty of the accused and in fact did so. They transport *1299 ed the defendant to the narcotics office and held him until they obtained a search warrant. As such, the defendant was arrested when he was stopped on Hamburg Street; he was validly searched incident to lawful arrest; and the trial court did not err in denying his motion to suppress.
The defense next argues that the trial court erred in refusing to allow the defendant to demonstrate the extent of Eduardo Rodriquez’s bias and interest. The defense maintains that the trial turned on a credibility call between Rodriquez and Rosell and, therefore, the trial judge erred in excluding evidence showing that Rodriquez’s charge in Jefferson Parish would be reduced if he testified against Rosell in Orleans Parish.
On direct, the State specifically inquired about the charges pending against the defendant in Jefferson. The defendant testified the charges were in fact still pending, and no deals had been made for him in Jefferson. He stated that he could receive up to thirty years in Jefferson for the crime of possessing cocaine and that he had offered to cooperate with the Jefferson Parish Sheriff’s Office. Rodriquez testified that in return for his testimony in the trial of Rosell, the charge of possession of over four hundred grams of cocaine which was pending against him in Orleans Parish would be reduced. He planned to plead guilty in Orleans Parish to simple possession with a sentence of two and one half to five years.
The defense called Rodriquez’s attorney who testified that as a result of Rodriquez’s testimony, his charge in Orleans Parish would be reduced from possession with intent to distribute to simple possession of cocaine and that he was to receive a reduced sentenced of two and one half to five years. He said there was at that time “no deal” in Jefferson Parish. The record reflects that the defense was given wide latitude in questioning Rodriquez and his attorney. The court did not limit evidence of Rodriquez’s bias and interest. Evidence of the possibility of a plea bargain in Jefferson was properly excluded as such had not occurred at the time of trial.
Defendant further complains of allegedly improper argument by the State during rebuttal. While the defense makes several allegations in this respect on appeal he objected to only one of the prosecution’s comments during the trial, namely the mention of the defense counsel’s fee. As the defendant is precluded from raising issues for the first time on appeal, La.C.Cr.P. art. 841; State v. Jackson, 450 So.2d 621 (La. 1984), we will address only the statements objected to at trial.
Specifically, the defense complains of the following which occurred during the State’s rebuttal argument:

The Assistant District Attorney:

Just like he’s getting a $25,000 fee for representing him (indicating). What do you think about that?

Defense Council:

Your Honor, there’s no evidence whatsoever as to what — in point of fact, that’s a lie, but beyond that, where does that belong in this courtroom?

The Court:

Let the objection be noted. The jury’s instructed to disregard that last comment.

The Assistant District Attorney:

And I am going to take—

Defense Council:

Your Honor—

The Assistant District Attorney:

You can sit down.

Defense Council:

—I’d like to make a motion for mistrial, your Honor, because of that.

The Court:

Motion’s denied.

The Assistant District Attorney:

And I take that back. You know why? That’s not in evidence. You have no evidence of that; it has nothing to do with this case. I don’t know that the fee is; could be free. Who cares? Doesn’t mean anything.
Defense counsel is correct in his assertion that the fee the defendant paid for counsel’s services was improper argument. A defendant is entitled to assistance of *1300 counsel. U.S. Const, 6th Amend.; U.S. v. McDonald, 620 F.2d 559 (5th Cir.1980). Lawyers in criminal cases are necessities not luxuries. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In addition, arguments should be confined to evidence admitted. La.C.Cr.P. art. 774. However, we are not convinced that the remarks inflamed the jury and contributed to the verdict. State v. Jarman, 445 So.2d 1184 (La.1984); State v. Washington and Bentley, 522 So.2d 628 (La.App. 4th Cir.1988), writ denied 523 So.2d 1321 (La. 1988), cert. denied, Bentley v. Louisiana, — U.S. -, 109 S.Ct. 94, 102 L.Ed.2d 70 (1988). The trial court upheld the defense’s objection and admonished the jury. La.C.Cr.P. art. 771. The prosecutor immediately corrected himself, and in fact stated that his argument was incorrect: “I don’t know what the fee is; could be free.” The defendant was found in possession of two keys: one that opened the door to the Paris house and are that opened the lock on the tool box. Given this overwhelming evidence of constructive possession, it does not appear the prosecutor's remarks could have influenced the jury.
Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.