574 So.2d 483 (1991)
STATE of Louisiana
v.
Frederick KNIGHT.
No. 90-K-1208.
Court of Appeal of Louisiana, Fourth Circuit.
January 24, 1991.
*484 Joseph Meyer, New Orleans, for respondent.
Harry F. Connick, Dist. Atty., Frank Brandisi, Asst. Dist. Atty., New Orleans, for relator.
Before GARRISON, KLEES and CIACCIO, JJ.
CIACCIO, Judge.
Upon application of the State, we granted certiorari to review a ruling of the district court which granted defendant's motion to suppress evidence, viz, a syringe and packet of cocaine, seized from defendant's person pursuant to a warrantless search.
The facts are not controverted. At approximately 9:00 p.m. on October 5, 1989, police officers at the corner of N. Rampart and Toulouse Streets observed a car run a red light and make a U-turn on N. Rampart. As the officers followed the car, they noticed it did not have a license plate. The officers pursued the car, put on their flashing red light and pulled the car over. As one officer approached the passenger side of the car he noticed the defendant-driver, Frederick Knight, shove an unknown object into the waistband of his pants. The officer recognized Knight as a person previously involved in drug related activity who had a history of "resisting officers." The officer ordered the defendant out of his car, walked him to the rear of the vehicle, placed his hands on the car and conducted a pat down search. The officer searching Knight felt a bulge, reached inside the waistband, and pulled out a syringe and a clear plastic bag later found to contain cocaine. The officer then placed Knight under formal arrest and advised him of his rights.
Defendant argues that the evidence should be suppressed, admitting that the officer lawfully conducted an investigatory stop under LSA-C.Cr.P. art. 215.1, but that it was not reasonable, under the circumstances, for the officer to have suspected that he had a weapon on his person and therefore a full body search was not warranted. Defendant also contends that the alleged traffic violations were offenses for which the officer could only issue a summons and could not execute an arrest.
At the motion to suppress hearing, the trial judge found that the defendant could not be placed under a full scale arrest for this traffic stop so as to warrant a full bodily search of his person, but, rather, defendant was detained merely as the result of a lawfully conducted investigatory stop, allowing the officers only to search his outer clothing. We conclude this finding is in error.
When a law enforcement officer has probable cause to believe that a person has committed a crime, he may place that person under arrest. Incident to such lawful arrest, the officer may lawfully conduct a full search of the arrestee and the area within his immediate control for weapons and for evidence of a crime. Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); United States v. Robinson, 414 U.S. 218, 94 S.Ct. 494, 38 L.Ed.2d 427 (1973).
An arrest is the taking of one person into custody by another. To constitute an arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him. LSA-C. Cr.P. art. 201. An arrest occurs when the circumstances indicate an intent to effect an extended restraint on the liberty of an accused, rather than at the precise time an officer tells an accused he is under arrest. State v. Ruffin, 448 So.2d 1274 (1984). Thus, where a person is detained with the purpose of taking him into custody, an arrest occurs, even if the police officer does not formally so inform the arrestee.
We must determine whether the arrest of defendant was lawful. If the arrest was lawful, the search of defendant incident thereto was lawful and the evidence seized should not be suppressed.
*485 LSA-R.S. 32:51 requiring a vehicle license provides that no person shall operate any motor vehicle upon the highways of this state unless it is registered with the commissioner, the license tax is paid thereon, and it is operated in accordance with the Louisiana Highway Regulatory Act, LSA-R.S. 32:1 through 32:399. Likewise, LSA-R.S. 32:56 provides that no person shall fail or refuse to comply with the instruction or direction of any traffic control device which has been erected under the authority of the Highway Regulatory Act or any other law of this state.
The penalty for violations of LSA-R.S. 32:51 and 32:56 is found in LSA-R.S. 32:57(A), which provides:
A. The first violation of the provisions of this Chapter or any regulation of the department secretary, and commissioner made pursuant thereto shall be punished by a fine of not more than one hundred seventy-five dollars or by imprisonment for not more than thirty days, or both, unless otherwise specifically provided. A subsequent violation shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than ninety days, or both.
Violations of LSA-R.S. 32:51 and 32:56 are, by definition, misdemeanor offenses. LSA-C.Cr.P. art. 933; LSA-R.S. 14.2. Having committed a misdemeanor offense in the presence of the officers, defendant was subject to arrest without a warrant. LSA-C.Cr.P. art. 213. Not every authorized detention, however, may constitute an "arrest" which justifies incident to it a search of a person. The arrests contemplated which do justify a search of the person incident to it are full custody arrests reasonably and lawfully made with the purpose of booking the person, LSA-C. Cr.P. art. 228, for the offense charged. State v. Morgan, 445 So.2d 50 (La.App. 4th Cir.1984) writ denied 446 So.2d 317.
We therefore must determine whether the officers had lawful cause to effect a full custody arrest for the purpose of booking the defendant for violations of LSA-R.S. 32:51 and 32:56 or whether the arresting officers only had the authority to issue a summons.
Title 32, Chapter 1, Louisiana Highway Regulatory Act, provides that the arresting officer "shall issue a summons or otherwise notify [the Chapter 1 violator] in writing to appear at a time and place to be specified in such summons and notice." LSA-R.S. 32:391(A). However, Subsection C of the statute provides:
C. This section does not apply to any person charged with an offense involving or contributing to an accident resulting in injury or death to any person, or to any person charged with driving while under the influence of intoxicants or narcotics, or to any person whom the arresting officer has good cause to believe has committed any felony or misdemeanor, and in any of these cases the arresting officer shall immediately take the person arrested before the nearest or most accessible magistrate having jurisdiction.
The record reveals the law enforcement officers witnessed the defendant commit two misdemeanor offenses. Accordingly, they acted lawfully in arresting the defendant. The only other authority for issuing the defendant a summons rather than making a full custody arrest is LSA-C.Cr.P. art. 211, which provides:
Art. 211. Summons by officer instead of arrest and booking
A. When it is lawful for a peace officer to arrest a person without a warrant for a misdemeanor, he shall give a written summons instead of making an arrest if all of the following exist:
(1) The officer has reasonable grounds to believe that the person will appear upon summons;
(2) The officer has no reasonable grounds to believe that the person will cause injury to himself or another or damage to property or will continue in the same or a similar offense unless immediately arrested and booked; (Emphasis added)
(3) There is no necessity to book the person to comply with routine identification procedures.

*486 B. In any case in which a summons has been issued, a warrant of arrest may later be issued in its place.
The unstated corollary to article 211 is that if all three of the article's requirements are not met, the officer shall make an arrest rather than issue a summons. State v. Morgan, supra.
In this case the officers were prohibited from issuing defendant a summons under LSA-C.Cr.P. art. 211 because the requirements of article 211(A)(2) were not satisfied. Had the officers only issued defendant a summons and allowed him to drive away, absent a vehicle license, the defendant would have continued operating the vehicle in violation of the Louisiana Highway Regulatory Act.
We therefore conclude that the officers in this case lawfully had the defendant under arrest when they stopped his vehicle, ordered him out of the car and placed his hands on the vehicle prior to searching his person. Incident to that arrest defendant was subject to a full search of his person and the area within his immediate control. Any evidence seized as a result of such a search is not suppressible on the ground that the search was unconstitutional.
Accordingly, the judgment of the district court is reversed. Defendant's motion to suppress is hereby denied. This case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.