[Jn granting the motion to suppress, the trial court only looked to whether the relator gave consent to search his automobile; the trial court did not consider whether consent to search was necessary under the facts of this ease. Because we find the facts presented support a warrantless search of the driver’s compartment of the automobile, incident to a valid arrest, New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), we reverse and set aside the ruling of the trial court.
This traffic stop occurred at approximately 10:06 p.m. A deputy with the Calcasieu Parish Sheriff’s Office originally noticed the relator’s car traveling west on Lawrence Street at a high rate of speed and that no license plate was on the car. The deputy tried to catch up with the speeding car on Lawrence Street, but the car turned right onto Kirk-man Street, heading north. At the intersection of Belden Street and Kirkman Street the deputy caught up with the car, but the car turned right onto Belden Street, heading east. On Belden Street, the deputy initiated his unit’s flashing red lights, but the driver, relator herein, did not stop. Relator continued on Belden Street until he reached Bank Street, and turned right onto Bank Street, heading south. Relator continued down Bank Street until he reached the intersection of Bank Street and Lawrence Street, where relator failed to stop at the stop sign. With the police unit still behind him and with the flashing red lights still on, relator turned right onto Lawrence Street. The deputy turned on his patrol unit’s siren, and relator continued down Lawrence Street until he turned into the driveway at 704 Lawrence Street.
Relator testified he first noticed the flashing lights of the patrol unit on Kirkman Street and he knew he did not have a license plate on the car; he did not stop until he drove on to his girlfiends’s yard because he did not want the police to tow away the car.
At the time the relator pulled into the private driveway, the deputy had probable cause to arrest the relator for violations of La.R.S. 32:56 (failure to obey police officer); La.R.S. 32:51, and 47:507 (failure to have license plate); and La.R.S. 32:123 (failure to stop at a stop sign). Furthermore, the deputy had reasonable suspicion to believe the automobile was stolen or that the relator’s flight was the result of criminal activity, such as a robbery, that the deputy was not aware of.
| aAlthough the testimony of the witnesses conflicts with respect to the amount of restraint placed on relator after he exited his car, it is clear the relator was not free to leave. The deputy testified he conducted a pat down search of the relator and then *154 ordered the relator to keep his hands on the patrol unit while he searched the car. The relator and his brother, a passenger in the car, testified the deputy handcuffed the relator and placed him in the back of the patrol unit before he searched the car. In either event, the relator was under arrest since there was an extended restraint upon his liberty. La.Code Crim.P. art. 201; State v. Hebert, 559 So.2d 821 (La.App. 3 Cir.1990). Although arrests are not the norm with traffic violations, this traffic stop was not an ordinary traffic stop, and under the circumstances, the deputy had good cause to believe the relator had committed another misdemeanor or felony. La.R.S. 32:391(0); State v. Knight, 574 So.2d 483 (La.App. 4 Cir. 1991).
A search conducted without a warrant issued upon probable cause is per se unreasonable except in a few specifically established exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). One of those exceptions is the search incident to lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The search incident to arrest is limited to the area within the arrestee’s immediate control. State v. Bradford, 298 So.2d 781 (La.1974). Pursuant to New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), and State v. Drott, 412 So.2d 984 (La.1982), a search incident to arrest extends to the arrestee’s automobile. It is permissible to search the interior of an automobile after arresting its occupants when they remain in proximity to the vehicle. State v. Drott, 412 So.2d 984 (La.1982); State v. Nicholas, 397 So.2d 1308 (La.1981); State v. Bradford, 298 So.2d 781 (La.1974); State v. King, 322 So.2d 205 (La. 1975); State v. Wilkens, 364 So.2d 934 (La. 1978).
In New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the Court clearly set forth the permissible limits of the warrantless search of an automobile following the arrest of one of its occupants:
“Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach.
[[Image here]]
“... A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification.” (Citations omitted).
New York v. Belton, 453 U.S. at 460-461, 101 S.Ct. at 2864.
The warrantless search of the driver’s side of the relator’s car was justified as a search incident to a valid arrest. Louisiana cases have followed the rule of New York v. Belton. See State v. Drott, 412 So.2d 984 (La.1982); State v. Harris, 510 So.2d 439 (La.App. 1 Cir.1987). Accordingly, the ruling of the trial court is reversed and vacated, and the motion to suppress is denied. This case ⅛ remanded to the trial court for further proceedings consistent herewith.

WRIT GRANTED AND MADE PEREMPTORY.