hGAUDIN, Chief Judge.
Charles L. Price was found guilty of attempted armed robbery (LSA-R.S. 14:27 and 64) by a jury in the 24th Judicial District Court. He was sentenced to 49 and one-half years at hard labor.
Price’s counsel, in accord with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), filed a brief with this Court stating that she had thoroughly reviewed the record but found no issues which arguably would support a reversal. She further advised that Price had been sent a copy of the brief and told that he had the right to file a pro se supplemental brief if he wanted to.
Finally in an abundance of caution, Price’s attorney asked this Court to conduct a search for errors patent.
Our careful examination of this record indicates that Price received a fair trial. He was positively identified as the person who, armed with a pistol, tried to rob a Magic Market in Jefferson Parish on April 18, 1994. His prior criminal record justified the sentence, which was imposed without benefit of parole, probation or suspension of sentence.
We did find one error patent. Price was not advised of the three-year time limit for filing for post-conviction relief, LSA-C.Cr.P. art. 930.8(C). We remand to the district court with instructions that Price be notified of this time limitation and that proof be filed in this record that such notice was received.
_JjWe also note that Price was not advised of the provisions of LSA-C.Cr.P. art. 894.1(D), which became effective on August 15,1992. This section states that immediately following imposition of a felony sentence, the judge shall advise the offender in open court of the following:
(1) Whether, pursuant to the provisions of R.S. 15:571.3, the offender’s sentence is subject to diminution for good behavior.
(2) Whether the sentence imposed was enhanced pursuant to R.S. 15:529.1 et seq., Article 893.3, or any other relevant provision of law.
(3) The prospective release date of the offender should his sentence be subject to diminution of sentence for good behavior, to the extent that the court shall advise the offender that he may be released upon serving the certain percentage of his sentence as provided for by law.
(4) Whether, pursuant to the provisions of R.S. 15:574.4(A)(1) and (3), the offender is subject to parole eligibility.
(5) The prospective parole eligibility date of the offender should he be eligible for parole pursuant to R.S. 15:574.4 et seq., to the extent that the court shall advise the offender that he may be eligible for release *1116 upon serving the certain percentage of his sentence as provided by law.
Although the statute’s earlier wording seems mandatory, section F of the article specifically provides that no sentence shall he declared unlawful or inadequate if section D was not complied with. This would seem that the legislature, in its wisdom, recognized the difficulty of full compliance with the article at the time of sentencing. In any event, we find provisions of section F controlling.
We affirm Price’s conviction and sentence and we remand only for an Art. 930.8(C) notice to be sent.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.