727 So.2d 630 (1998)
STATE of Louisiana
v.
Timothy FREEMAN.
No. 97-KA-1115.
Court of Appeal of Louisiana, Fifth Circuit.
December 29, 1998.
*632 Paul A. Connick, District Attorney, Terry M. Boudreaux, Assistant D.A., Gretna, LA, for Plaintiff-Appellee.
Katherine Franks, Louisiana Appellate Project, Baton Rouge, LA, for Defendant-Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and THOMAS F. DALEY.
DUFRESNE, Judge.
This appeal is before us on remand for reconsideration of the jury waiver issue presented in the original appeal of defendant, Timothy Freeman. In an unpublished opinion, this court set aside defendant's conviction and remanded for a new trial after finding the appellate record devoid of any evidence that defendant was advised of his right to a jury trial or that he waived that right. State v. Freeman, 97-1115 (La.App. 5 Cir. 2/25/98), 709 So.2d 1110 (Not Designated for Publication).
The state applied to the Louisiana Supreme Court for review. Thereafter, the state filed a supplemental application to the Louisiana Supreme Court that included, for the first time in these appellate proceedings, a transcript of the jury waiver colloquy conducted on July 1, 1997 between the trial judge and defendant immediately before the bench trial. The Louisiana Supreme Court granted the state's application and remanded the case to allow the state to supplement the appellate record in this court with the previously undisclosed July 1, 1997 transcript of the jury waiver colloquy. The Supreme Court directed this court to reconsider the jury waiver issue in light of the newly produced July 1, 1997 transcript and to consider defendant's error assignments from his original appeal if the supplemented appellate record shows a valid jury waiver. State v. Freeman, 98-0516 (La.6/26/98), 719 So.2d 486.
The July 1, 1997 transcript now made part of this appellate record clearly shows that the trial court advised defendant of his right to a jury trial and that defendant knowingly and intelligently waived that right and elected a bench trial, as authorized by Article 1, Sec. 17 of our Constitution and Articles 780 and 782 of our Code of Criminal Procedure. We therefore proceed to consider the errors assigned in defendant's original appeal. Finding no merit in those error assignments, we affirm defendant's conviction and sentence.
The record shows that the state charged defendant with possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967 A. Defendant pled not guilty and *633 filed motions to suppress evidence, identification and confession. The trial court heard and granted defendant's motion to suppress evidence, and the state applied to this court for supervisory review of that ruling. A panel of this court granted the state's writ application, reversed the trial court's ruling, entered judgment denying the suppression motion and remanded the case for trial. State v. Freeman, Writ No. 97-K-325 (La. App. 5 Cir. 5/14/97). Following trial, the court found defendant guilty of the lesser offense of possession of cocaine in violation of LSA-R.S. 40:967 C. The trial court sentenced defendant to serve three years at hard labor, with credit for time served; and defendant timely appealed.
Testimony presented at trial showed that Jefferson Parish Deputies Edward Manix and Freddie Yorsch were patrolling the Waggaman area during the early morning hours of October 5, 1996. The officers had been ordered to target that area in response to a number of anonymous reports of gang and drug activity. Around 1:00 a.m., the officers observed a car parked on Hellis Drive in Waggaman. The officers later learned that the car belonged to defendant. The car's lights were off, but its doors were open and loud music was coming from inside the car. The officers got out of their own police car and approached the other car, intending to tell the car's occupants to lower the volume of the music.
As they approached the car, the officers detected the odor of marijuana. They looked inside the car and saw three partially smoked hand-rolled cigarettes in an ashtray on the dashboard. The cigarettes appeared to contain what the officers believed was marijuana. The officers ordered defendant and two other occupants from the car. All three subjects were arrested, handcuffed, and placed in the back of the police car. The officers searched defendant's car and found a plastic bag with a large amount of marijuana under the front passenger seat. Scattered under the driver's seat, they also found 23 rocks of what later proved to be crack cocaine. On the car's back seat, the officers found a box of cigars, some of which had been cut open and filled with marijuana. Deputies Yorsch and Manix transported defendant and his two companions to the Jefferson Parish jail for booking. According to Deputy Yorsch, defendant later admitted to him that the cocaine was his.
Defendant testified at trial that the cocaine seized from his car belonged to him, although he denied ever admitting that to Deputy Yorsch. Defendant further testified that the cocaine was for his own use and that he could consume 23 rocks of crack within a one-day period.
In his appeal to this court, defendant alleges five assignments of error. One of those assignments, a challenge to the jury waiver, has already been disposed. The remaining assignments are now addressed.
Defendant first contends that the trial court erroneously denied his motion to suppress the cocaine seized from the car, as reurged at trial. In its pretrial writ ruling on the suppression, this court concluded that the police officers legally seized the cocaine without a warrant during a valid search incident to defendant's arrest, and under the automobile exception to the warrant requirement. Defendant asks this court to reconsider its ruling, and he argues that the evidence presented at the motion hearing and the trial does not show that the search resulting in seizure of the cocaine was legal.
The officers' initial stop of defendant was valid as an investigatory stop recognized by LSA-C.Cr.P. art. 215.1, as well as by state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and State v. Charles, 95-498 (La. App. 5 Cir. 12/12/95), 666 So.2d 1147. Reasonable cause for an investigatory stop is something less than probable cause to arrest. It requires that officers have sufficient knowledge of the facts and circumstances to justify an infringement on an individual's right to be free of government interference. State v. Barnes, 592 So.2d 1352 (La.App. 5 Cir.1991).
Deputies Manix and Yorsch testified that the neighborhood where defendant was arrested was known to them as a high crime area with a reputation for drug and gang activity. The reputation of a location as a *634 high crime area is an articulable fact upon which an officer may legitimately rely in making a determination as to reasonable cause for an investigatory stop. State v. Charles, 666 So.2d at 1150. It is also significant that the officers encountered defendant and his friends in the early hours of the morning. The officers heard extremely loud music coming from the car's open doors, and they initially approached defendant's car intending to tell the occupants to turn down the volume. Deputies Manix and Yorsch immediately detected the odor of marijuana, thus giving rise to their suspicion of criminal activity. On looking into the car, they saw three marijuana cigarettes in plain view, and their suspicion was confirmed. At that point, the officers had probable cause to arrest defendant and his companions for possession of marijuana. See LSA-C.Cr.P. art. 213. The issue left to be resolved is whether the deputies' subsequent search of the car without a warrant and the ensuing seizure of the cocaine were legal.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. Warrantless searches are, per se, unreasonable unless they can be justified under one of the narrowly drawn exceptions to the Fourth Amendment's warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Tatum, 466 So.2d 29, 31 (1985); State v. Vanderlinder, 575 So.2d 521 (La.App. 5 Cir. 1991), writ denied, 580 So.2d 377 (La.1991). The state bears the burden of proving that such an exception applies. State v. Tatum, supra; State v. Lassere, 95-1009 (La.App. 5 Cir. 10/1/96), 683 So.2d 812, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445. The initial seizure of the marijuana cigarettes from the car falls under the "plain view" exception to the warrant requirement.[1]
A second exception to the warrant requirement is a search incident to lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). We have previously held that, once a lawful arrest has been made, a warrantless search of the arrestee's person and of the area within his immediate control is permissible in order to remove any weapons from his person and to prevent evidence from being destroyed. State v. Simmons, 95-309 (La.App. 5 Cir. 10/18/95), 663 So.2d 790. In its writ disposition in this case, this court found:
In the instant case, the pertinent exception to the warrant requirement is a search incidental to a lawful arrest. When the occupant of an automobile is arrested, the police, as a contemporaneous incident of that arrest, may search the passenger compartment of the automobile. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.[2d] 768 (1981); State v. Drott, 412 So.2d 984 (La.1982); also State v. Francise, 597 So.2d 28 (La.App. 1 Cir. 1992). It is permissible to search the interior of an automobile after arresting its occupants when they remain in proximity to the vehicle. State v. Drott, supra; State v. Carter, 95 00703 (La.App. 3 Cir. 9/12/95), 663 So.2d 152.
Defendant argues that the facts of this case do not support a valid search incident to arrest because he and his companions were secured in the police car when the cocaine was recovered, and the cocaine was not within their immediate control. However, in State v. Alaimo, 95-1044 (La. App. 4 Cir. 6/29/95), 657 So.2d 1102, 1104, the court relied on New York v. Belton, supra, for the proposition that "the police may search the passenger compartment of a car and any containers therein even though the occupant has been removed, so long as the former occupant was lawfully arrested and has been an occupant just prior to arrest." In Alaimo, the defendant and his companion were removed from their car after a traffic stop. The defendant was placed under arrest for traffic violations. The officers then searched the passenger compartment of the car, found packets of heroin in the ashtray, and placed the two men under arrest for possession of the drug. On review, the court *635 found that, if the officer had probable cause to arrest the defendant for traffic violations, the search of the passenger compartment of the car was permissible as a search incident to arrest, and the heroin was not subject to suppression. The court then remanded the case for an evidentiary hearing to determine whether the officer had probable cause to arrest the defendant. We thus conclude that the search which resulted in the seizure of the cocaine in this case was a valid search incident to defendant's arrest.
Another exception to the warrant requirement is the "automobile" exception, which has traditionally been based on the existence of probable cause to search the vehicle and exigent circumstances which render it impractical to secure a warrant. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Pennsylvania v. Labron, 518 U.S. 938, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996). Probable cause to search defendant's car in this case was established when the officers smelled marijuana, and saw marijuana in the ashtray.
In State v. Tatum, 466 So.2d at 31-32, the Louisiana Supreme Court discussed exigent circumstances:
Exigent circumstances has been defined as the impracticability of obtaining a warrant due to the possibility that the car could be moved either by its occupants if not arrested, or by someone else. An immediate warrantless search is therefore constitutionally permissible when "the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained."
Citing State v. Chaney, 423 So.2d 1092 (La. 1982). See also, State v. Lampton, 93-1705 (La.App. 4 Cir. 1/13/94), 631 So.2d 523, writ denied, 94-0497 (La.4/7/94), 635 So.2d 1137.
Defendant claims that the automobile exception does not apply in this case because exigent circumstances did not exist once he and his companions were placed under arrest and became incapable of moving the car or disturbing its contents. However, in Pennsylvania v. Labron, supra, the United States Supreme Court stated:
Our first cases establishing the automobile exception to the Fourth Amendment's warrant requirement were based on the automobile's "ready mobility," an exigency sufficient to excuse the failure to obtain a search warrant once probable cause to conduct the search is clear. More recent cases provide further justification: the individual's reduced expectation of privacy in an automobile, owing to its pervasive regulation.
116 S.Ct. at 2487. (Citations omitted).
Defendant's car was in a high crime area and was already found to have contained marijuana. These facts, along with the car's ready mobility and defendant's reduced expectation of privacy, further justified the officer's warrantless search of the car under automobile exception. This error assignment lacks merit.
Defendant next contends that his sentence of three years is constitutionally excessive. He concedes that he did not file a motion to reconsider sentence as prescribed by LSA-C.Cr.P. art. 881.1. The article provides that the failure to file a motion to reconsider sentence within thirty days of sentencing, or to state specific grounds upon which the motion is based, precludes a defendant from raising those grounds on appeal. State v. Holmes, 94-907 (La.App. 5 Cir. 3/15/95), 653 So.2d 642.
Defense counsel orally objected to the sentence as excessive immediately after it was imposed. An oral objection to the sentence is sufficient to preserve the issue for appeal, if the defendant specifically states the grounds for his objection. A statement challenging a sentence as excessive does not set forth specific grounds, and defendant in this case thus preserved only his right to a review of his sentence on a bare claim of constitutional excessiveness. State v. Brown, 95-124 (La.App. 5 Cir. 5/30/95), 656 So.2d 1070.
A sentence that is grossly disproportionate to the offense or that imposes needless and purposeless pain and suffering is constitutionally excessive. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5 Cir.1991), writ denied, *636 577 So.2d 1009 (La.1991). Once imposed, however, a sentence will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346.
We conclude that the defendant's sentence of three years in this case is not constitutionally excessive. A person convicted of possession of cocaine may be imprisoned for up to five years, with or without hard labor, and may be sentenced to pay a fine of not more than five thousand dollars. LSA-R.S. 40:967 C(2). The court could therefore have imposed a much greater penalty. Defendant argues that justice would be better served if he were given a suspended sentence, considering that at the time of his conviction he had a job and a good relationship with his son. However, defendant was given such an opportunity when he was placed on probation for his prior conviction. Defendant, by his own admission, was not a first time offender. He has a prior conviction for distribution of marijuana. He admitted in his testimony that the cocaine belonged to him, and that he concealed it under the seat of his car. We see no reason to disturb the sentence imposed on defendant by the trial court and find no merit in this assignment of error.
Defendant next correctly assigns as error the trial court's failure to advise him at sentencing of the three-year prescriptive period imposed by LSA-C.Cr.P. art. 930.8 for filing an application post-conviction relief. We remedy this error by ordering the trial court to send defendant written notice of the prescriptive period for post conviction relief within ten days of the rendering of this opinion. See State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
In his final error assignment, defendant complains that the trial court failed to provide him sentencing advice in accordance with LSA-C.Cr.P. art. 894.1 D. However, in State v. Price, 96-128 (La.App. 5 Cir. 6/25/96), 676 So.2d 1114, we noted that paragraph F of Article 894.1 specifically provides that no sentence will be declared unlawful or inadequate for failure to comply with the provisions of paragraph D. Thus, the trial court's failure to comply with Article 894.1 D constitutes harmless error not requiring a remedy.
As directed by LSA-C.Cr.P. art. 920, we have reviewed the record for patent errors and have found none.
Accordingly, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The Fourth Amendment does not prohibit the warrantless seizure of evidence in plain view. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. Meichel, 290 So.2d 878 (La.1974).