|¡.CHEHARDY, Judge.

STATEMENT OF THE CASE

On December 30, 1998, the District Attorney for the Parish of St. Charles filed a bill of information charging defendant, Joseph Mitt, with one count of simple burglary in violation of La. R.S. 14:62 and one count of possession of a concealed weapon by a convicted felon in violation of La. R.S. 14:95.1. At his arraignment on January 7, 1999, defendant pled not guilty. Defendant thereafter filed a “motion to suppress confession, identification and physical evidence.” After a hearing on February 4, 1999, the trial court denied defendant’s motion.
On May 18-19, 1999, a jury trial was held and defendant was found not guilty on count one, simple burglary, and guilty on count two, possession of a concealed weapon by a convicted felon. Defendant thereafter filed a motion for post verdict judgment of acquittal or alternatively motion for new trial. After a hearing on August 12, 1999, the trial court denied defendant’s motions. Defendant waived *874 sentencing delays and was sentenced to fifteen years without benefit of probation, | ¡¡parole or suspension of sentence. The trial court also fined defendant $1,000 and suspended the fine. This appeal ensued.

FACTS

At trial, the state presented the testimony of Richard Miguez, a deputy sheriff in the St. Charles Parish Sheriffs Office, parole division. He testified that on December 3, 1998, at approximately 10:30 p.m., he responded to a report of a burglar alarm being set off at Carver Elementary School in Hahnville. When he arrived on the scene, he began to check the exterior doors and windows of the school. During this check, he found that an exterior door to the cafeteria, which is normally closed and locked, was open.
Deputy Miguez called for backup, then entered the darkened cafeteria, walked across the room, and knelt down near a hand-washing fountain to await an assisting officer. While waiting, Deputy Miguez heard someone opening an interior door of the cafeteria which led to other areas of the school. Deputy Miguez saw the outline of the subject enter the cafeteria and walk towards the opened exterior door. Deputy Miguez stayed in position until the subject had reached the middle of the cafeteria. The officer then shone his flashlight on the subject and ordered him to get on the floor. The subject complied. Deputy Miguez handcuffed the subject and advised him that he was under arrest for burglary. The officer then turned the subject over and recognized him to be Joseph Mitt, defendant.[1]
At this point, Deputy Ruche Marino, Jr., who responded to the call for backup, arrived. Deputy Marino assisted Deputy Miguez in getting defendant to his feet and leading him outside to the patrol car where there was more light. Once |4outside, Deputy Miguez patted down defendant. Deputy Miguez testified that during the pat-down, he discovered an eight inch long knife concealed in defendant’s left sock. Deputy Marino testified that he was present when the knife was discovered in defendant’s sock.
The state also called Stanley Keller, III, who maintains the security system for the St. Charles Parish Schools. He testified that the system in place notifies him when an alarm goes off at a school. On December 3, 1998, he was notified that the alarm had gone off at Carver Elementary. He was called to the school to reset the alarm and check if anything was missing. He testified that he could not tell if anything was missing.
Also at trial, the parties stipulated that defendant pled guilty to simple burglary on November 22, 1989, and that defendant pled guilty to attempted possession of cocaine on January 5,1995.

DISCUSSION

In his sole assignment of error, defendant argues that the trial court erred in denying his motion to suppress the knife because he admitted to having the knife in his possession without having been advised of his right to remain silent pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
During the suppression hearing, Deputy Miguez testified that he recovered the knife from defendant during a pat-down search after defendant was placed under arrest. On cross-examination, Deputy Mi-guez testified concerning the discovery of the knife as follows:
Q (defense counsel): When exactly did you find the knife on Mr. Mitt?
A: When we brought him to the patrol vehicle. When I located the razor blade, I asked Mr. Mitt if he had anything else on him that would | scut me, and he told me he had a knife in his left sock.
*875 Q: He told you he had a knife in his left sock?
A: Yes he did.
Q: And you had him cuffed already, correct?
A: Yes, I did.
Q: And was he under arrest at that time?
A: Yes, he was.
Before a defendant’s confession or inculpatory statement may be introduced into evidence, the state must affirmatively show that the statement was made freely and voluntarily and was not made under the influence of fear, duress, intimidation, threats, or promises. La. R.S. 15:451; La. C.Cr.P. art. 703(D); State v. Lavalais, 95-320 (La.11/25/96), 685 So.2d 1048, cert denied, 522 U.S. 825, 118 S.Ct. 85, 139 L.Ed.2d 42 (1997). If the statement was elicited during custodial interrogation, the state must also show that defendant was advised of his constitutional rights, as set forth in Miranda. State v. Simmons, 98-841 (La.App. 5 Cir.6/1/99), 738 So.2d 1131, 1137.
In the present case, Deputy Mi-guez legally arrested defendant under suspicion of burglary and was conducting a pat-down search of defendant when he inquired about objects which might cut him. The pat-down search was permissible as a search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).[2]
The fact that defendant told Deputy Mi-guez that he had a weapon concealed in his sock just prior to Miguez legally patting down defendant’s pants leg after | fiarresting him does not make the weapon suppressible. Using this reasoning, defendant could argue that he could not be charged with being a convicted felon in possession of a concealed weapon if he told the officers that he was a convicted felon prior to being Mirandized.
Moreover, in Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984), the United States Supreme Court adopted the “inevitable discovery” doctrine, holding that unconstitutionally obtained evidence is admissible “[i]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered.”
In this matter, the knife would have been discovered during the pat-down search without defendant uttering a word. Therefore, the trial court correctly denied defendant’s motion to suppress.
Finally, pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent, and none are noted.
Accordingly, for the foregoing reasons, defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.

. Deputy Miguez testified at an earlier hearing that he knew defendant and had spoken to him on several prior occasions during his six years of police service in the Hahnville area.

. Once a lawful arrest has been made, a war-rantless search of the arrestee's person and of the area within his immediate control is permissible in order to remove any weapons from his person and to prevent evidence from being destroyed. State v. Freeman, 97-1115 (La.App. 5 Cir. 12/29/98), 727 So.2d 630, 634.