887 So.2d 127 (2004)
STATE of Louisiana
v.
Thomas L. BERGMAN.
No. 04-KA-435.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 2004.
*128 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Kia M. Habisreitinger, Assistant District Attorneys, Gretna, Louisiana for Plaintiff/Appellee.
Kenneth J. Beck, Gretna, Louisiana, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
Defendant, Thomas Bergman, entered a guilty plea to charges of possession of alprazolam in violation of LSA-R.S. 40:969(C) and reserved his right to appeal the trial court's denial of his Motion to Suppress under Crosby.[1] For the reasons that follow, we affirm the trial court's denial of the Motion to Suppress.

FACTS:
At the hearing on the Motion to Suppress, Deputy Thomas Bryson testified that while driving on the Huey P. Long Bridge he observed a vehicle driving in both the left and right hand lanes. He followed the vehicle, a 4x4 truck, and saw it strike the left guardrail and then move to the right side and strike the right guardrail where the vehicle climbed up the rail before landing back in the lane. Deputy Bryson testified that at this point, he activated his emergency lights and siren. Thereafter, he observed the truck strike the guardrail three more times before it stopped at the Circle K in Bridge City.
*129 Deputy Bryson testified that he asked the driver, later identified as defendant, Thomas Bergman, to exit the vehicle and the driver complied. Deputy Bryson conducted a pat-down search of defendant before advising him of his Miranda rights and placing him under arrest for careless operation of a motor vehicle. Deputy Bryson testified that at that point, defendant advised that he had a handgun in his vehicle. Deputy Bryson went to the truck to retrieve the handgun, explaining that he first looked under the driver's seat. He did not find the gun, but found a pill bottle containing white tablets, which Deputy Bryson recognized as Xanax. Deputy Bryson subsequently located the loaded gun between the console and the driver's seat.

LAW AND DISCUSSION:
On appeal, defendant argues that the trial court erred in denying his Motion to Suppress the evidence because the alprazolam was illegally seized. He first contends the pill bottle was seized as the result of an illegal search of his vehicle. Defendant asserts the search of his vehicle was not part of a valid search incident to arrest. He maintains the police were limited to searching the area within his immediate control, which did not include his vehicle since he was detained out of reach of his truck. Defendant further asserts he did not consent to a search of the vehicle and maintains exigent circumstances were not present to justify a search of his truck. He next argues the pills in the bottle were not in plain view and, therefore, there was no justification for the police officer to open the bottle and retrieve the pills. Defendant contends the police had no reason to suspect the pill bottle contained anything illegal. He also asserts the pill bottle itself, which was under the driver's seat, was not in plain view.
The State responds the seizure of the alprazolam was justified as a search incident to arrest and the automobile exception to the warrant requirement. The State argues defendant was stopped for a traffic violation, which provided the police with the authority to arrest him. Once defendant was arrested, the State maintains the police had the authority to search his vehicle. The State contends the plain view doctrine is inapplicable because the search, which yielded the narcotics, was made pursuant to a lawful arrest.
In a hearing on a Motion to Suppress, the State bears the burden of proof in establishing the admissibility of evidence seized without a warrant. LSA-C.Cr.P. art. 703(D). The trial court's decision to deny a Motion to Suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Flagg, 01-65 (La.App. 5 Cir. 7/30/01), 792 So.2d 133, 138, writ denied, 01-2534 (La.9/20/02), 825 So.2d 1159.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. Warrantless searches are per se unreasonable unless they can be justified under one of the narrowly drawn exceptions to the Fourth Amendment's warrant requirement. State v. Freeman, 97-1115 (La.App. 5 Cir. 12/29/98), 727 So.2d 630, 634. The State bears the burden of proving that such an exception applies. Id.
One exception to the warrant requirement is a search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Joseph, 02-717 (La.App. 5 Cir. 6/27/03), 850 So.2d 1049, 1051. Once a lawful arrest has been made, a warrantless search of the arrestee's person and of *130 the area within his immediate control is permissible in order to remove any weapons from his person and to prevent evidence from being destroyed. Id. When the occupant of an automobile is arrested, the police may search the passenger compartment of the automobile as a search incident to the arrest. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. Freeman, supra at 634. Police may also examine the contents of any containers found within the passenger compartment, whether they are open or closed, as the arrest justifies the infringement of any privacy interest the arrestee may have. New York v. Belton, 453 U.S. at 460, 101 S.Ct. 2860.
Defendant was stopped and arrested for careless operation of a vehicle, a violation of LSA-R.S. 32:58, after Deputy Bryson observed him hit the curb on five occasions while crossing the Huey P. Long Bridge.[2] The penalty for violation of LSA-R.S. 32:58 is found in LSA-R.S. 32:57(A) which provides for a fine of not more than $175 and/or imprisonment for not more than thirty days for a first violation. By definition, a violation of LSA-R.S. 32:58 is a misdemeanor offense. LSA-C.Cr.P. art. 933; LSA-R.S. 14:2. Having committed a misdemeanor offense in the presence of the police officer, defendant was subject to arrest without a warrant.[3] LSA-C.Cr.P. art. 213. Defendant does not contest the fact he was lawfully arrested. Rather, he argues the search of his automobile exceeded the permissible scope of a search incident to an arrest. He asserts the interior of his automobile was not within his immediate control once he was detained out of reach of the vehicle.
In State v. Alaimo, 95-1044 (La.App. 4 Cir. 6/29/95), 657 So.2d 1102, 1104,[4] the Fourth Circuit, relying on New York v. Belton, supra, stated "the police may search the passenger compartment of a car and any containers therein even though the occupant has been removed, so long as the former occupant was lawfully arrested and had been an occupant just prior to that arrest." In Alaimo, defendant and his passenger were removed from their car after a traffic stop. The defendant was subsequently arrested for various traffic violations. After defendant's arrest, the police searched the vehicle and found two tinfoil packets in the ashtray. The packets were opened and found to contain heroin.
The Fourth Circuit found that if the police had probable cause to arrest the defendant for traffic violations, the search of the passenger compartment of the car was permissible as a search incident to arrest and the heroin was not subject to suppression. The trial court had not determined if probable cause existed to arrest the defendant so the matter was remanded for an evidentiary hearing on the issue. The court further noted its earlier decision in State v. Smith, 489 So.2d 966 (La.App. 4 Cir.1986), where it found that police officers were justified in conducting a search of an automobile and in opening a container found inside that contained drugs as incident to defendant's arrest.
The rationale in Alaimo is consistent with the United States Supreme Court's *131 most recent discussion of Belton in Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 904 (2004). In Thornton, the United States Supreme Court discussed the scope of a search incident to a lawful arrest of an occupant of an automobile. The issue presented was whether Belton's rule is limited to situations where the officer makes contact with the occupant while the occupant is inside the vehicle or whether it also applies when the officer first makes contact with the arrestee after he has stepped out of his vehicle. The Supreme Court found no distinction between an officer ordering occupants out of the vehicle and an officer initiating contact with the occupants while they remained in the vehicle for purposes of a search of the vehicle incident to the occupants' arrest.
In so ruling, the Supreme Court discussed the dangerous situation created by a custodial arrest. The Supreme Court stated that "the arrest of a suspect who is next to a vehicle presents identical concerns regarding officer safety and the destruction of evidence as the arrest of one who is inside the vehicle." Id. at 124 S.Ct. at 2131. The Supreme Court noted a custodial arrest creates a highly volatile situation for the officer. The court acknowledged that not all contraband in the passenger compartment is likely to be readily accessible to a recent occupant of the vehicle, but concluded it was reasonable to allow officers to ensure their safety by searching the entire passenger compartment. Id. at 124 S.Ct. at 2132.
In the present case, testimony at the Motion to Suppress indicates that defendant was lawfully arrested following a traffic violation. He was advised of his Miranda rights. Thereafter, he advised Deputy Bryson that he had a gun in the vehicle. While Deputy Bryson admitted it is not illegal to keep a gun in a car, he went to retrieve the gun out of safety concerns. The passenger remained outside the vehicle by the curb and, therefore, was in close proximity to the vehicle and gun. In searching for the gun, Deputy Bryson looked under the driver's seat where he discovered the pill bottle containing the alprazolam. Under Belton, supra, and the rationale of Thornton, supra, Deputy Bryson was justified in searching the vehicle and opening the containers therein as incident to defendant's lawful arrest. Accordingly, the trial court properly denied the defendant's Motion to Suppress.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors in this case.
For the foregoing reasons, the judgment of the trial court denying defendant's Motion to Suppress is affirmed.
AFFIRMED.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976).
[2] LSA-R.S. 32:58 provides: "Any person operating a motor vehicle on the public roads of this state shall drive in a careful and prudent manner, so as not to endanger the life, limb, or property of any person. Failure to drive in such a manner shall constitute careless operation."
[3] See, State v. Knight, 574 So.2d 483, 485-486 (La.App. 4 Cir.1991), and State v. Morgan, 445 So.2d 50, 53-54 (La.App. 4 Cir.1984), writ denied, 446 So.2d 317 (La.1984).
[4] This Court cited Alaimo with approval in State v. Freeman, supra.