982 So.2d 157 (2008)
STATE of Louisiana
v.
Renard A. WOODS.
No. 07-KA-675.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
*160 Paul D. Connick, Jr., District Attorney, 24th Judicial District, State of Louisiana, Terry M. Boudreaux, Juliet Clark, Kim M. Habistreitinger, Assistant District Attorneys, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
James A. Williams, Gretna, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
The defendant, Renard A. Woods, pled guilty to possession of cocaine, a violation of LSA-R.S. 40:967(C) pursuant to State v. Crosby, 338 So.2d 584 (La.1976). After the defendant admitted to the allegations of a multiple bill alleging him to be a second felony offender, the trial court imposed the agreed-upon sentence of two and one-half years at hard labor without benefit of probation or suspension of sentence and without benefit of good time. The defendant takes this appeal, alleging that the trial court erred in denying his motion to suppress.
The following was adduced at the motion to suppress hearing. Officer Ryan Mekdessie of the City of Gretna Police Department testified that, on October 21, 2004, at approximately 8:06 p.m., he was patrolling in a marked police unit near Belleview Park, at the corner of Gretna Boulevard and Lafayette Street in Jefferson Parish. When Officer Mekdessie arrived at the park, he observed a vehicle parked "on Lafayette . . . almost to the end of the parking spots." The vehicle's headlights were on, and there were two black male occupants. According to Officer Mekdessie, Belleview Park has signs that state that the park is closed after dark due to suspicious activities in the area. Officer Mekdessie shined his vehicle's spotlight on the interior of the vehicle before he approached from the driver's side to investigate. For purposes of his safety, Officer Mekdessie asked the men to put their hands where he could see them, but only the passenger, Kelvin Francis, complied. After Officer Mekdessie repeated his command for the defendant to put his hands up, he saw the defendant throw something on the floorboard of the driver's side. Immediately, Officer Mekdessie grabbed the defendant out of the vehicle, handcuffed him, advised him of his rights, and arrested him for trespassing. The defendant was ordered into a kneeling position for officer safety. When Officer Mekdessie ordered the passenger out of the vehicle in furtherance of his investigation, the defendant fled on foot.
Officer Mekdessie later apprehended the defendant with the aid of assisting police officers. Subsequently, Officer Mekdessie searched the vehicle's floorboard where he earlier saw the defendant throw something. He found, in plain view, two baggies containing an off-white substance, which Officer Mekdessie referred to in his testimony as powder cocaine. In his continued search of the vehicle, Officer Mekdessie found two additional baggies on the vehicle's center console. Officer Mekdessie admitted that he did not see the defendant place the bags on the vehicle's console. Officer Mekdessie also found a large "ziploc" bag containing numerous green small baggies in the vehicle. According to Officer Mekdessie, the use of green small baggies is a known practice for the distribution of powder cocaine and marijuana. The defendant was informed of his Miranda rights again at the police station and signed the rights of arrestee form, indicating that he was informed and understood his rights. Thereafter, the defendant gave a statement to the police. According *161 to the State, in his statement, the defendant admitted that the baggies that he threw onto the vehicle's floorboard belonged to him. Those baggies contained an off-white substance that tested positive for cocaine.
In this appeal, defendant argues that there was no evidence presented to show that he was trespassing in the park, i.e., parked in the park after it was closed. Instead, the defendant claims that Officer Mekdessie testified that he was parked on Lafayette Street, a public street in the City of Gretna. Therefore, the defendant could not have been trespassing. The defendant notes that Officer Mekdessie also testified that at the time he decided to investigate that there was nothing unusual about the conduct of the vehicle's occupants or the vehicle itself except that its headlights were on at the time.
The Fourth Amendment to the United States Constitution and Louisiana Constitution Article I, § 5 protect individuals from unreasonable searches and seizures. State v. Massey, 03-1166, p. 4 (La. App. 5 Cir. 1/27/04), 866 So.2d 965, 968. Whether the officer had sufficient facts within his knowledge to justify an infringement on the individual's right to be free from governmental interference is determined under the facts and circumstances of each case. State v. Sam, 05-88, pp. 7-8 (La.App. 5 Cir. 5/31/05), 905 So.2d 379, 383-84, writ denied, 05-2100 (La.3/10/06), 925 So.2d 510 (citation omitted).
The State has the burden of establishing the admissibility of evidence seized without a warrant, in a hearing on a defense motion to suppress the evidence. LSA-C.Cr.P. art. 703(D), State v. Manson, 01-159, p. 5 (La.App. 5 Cir. 6/27/01), 791 So.2d 749, 755. A trial court is vested with great discretion when ruling on a motion to suppress. State v. Roche, 05-237, p. 7 (La.App. 5 Cir. 4/25/06), 928 So.2d 761, 765, writ denied, 06-1566 (La.1/8/07), 948 So.2d 120. The ruling of a trial judge on a motion to suppress will not be disturbed absent an abuse of its discretion. Id. When determining whether an investigatory stop was justified by reasonable suspicion, a reviewing court must consider the totality of the circumstances, "`giving deference to the inferences and deductions of a trained police officer.'" State v. Gagnon, 01-1302, p. 6 (La.App. 5 Cir. 4/10/02), 817 So.2d 167, 170 (citation omitted).
An officer has the right to approach the defendant's vehicle and to question its occupants without regard to whether the officer possessed reasonable suspicion for an investigatory stop or probable cause for an arrest. State v. Sylvester, 01-607, p. 4 (La.9/20/02), 826 So.2d 1106, 1108 (per curiam). Law enforcement officers are authorized by LSA-C.Cr.P. art. 215.1, as well as state and federal jurisprudence, to conduct investigatory stops to interrogate persons reasonably suspected of criminal activity. State v. Clay, 06-37, p. 4 (La.App. 5 Cir. 4/25/06), 930 So.2d 1028, 1031. A defendant's presence in a known crime area, coupled with nervousness, startled behavior or suspicious actions upon the approach of a police officer is sufficient to justify an investigatory stop. State v. Enclade, 03-353, p. 6 (La.App. 5 Cir. 9/16/03), 858 So.2d 8, 13 (citations omitted). In addition, a police officer's experience, his knowledge of recent criminal patterns and his knowledge of an area's frequent incidence of crimes, are factors that may support a finding of reasonable suspicion for an investigatory stop. State v. Massey, 03-1166 at 6, 866 So.2d at 969 (citation omitted).
In the present case, while Officer Mekdessie was patrolling near Belleview Park, an area known by the police for suspicious *162 activities, he had the right to approach the defendant's vehicle and to question its occupants without regard to whether they possessed reasonable suspicion for an investigatory stop or probable cause for an arrest.
A person is "seized" within the meaning of the Fourth Amendment only when that person either submits to the police show of authority or is physically contacted by the police. State v. Stanfield, 05-839, p. 6 (La.App. 5 Cir. 3/14/06), 925 So.2d 710, 715-16. A person is seized within the meaning of Article I, Section 5 of the Louisiana Constitution when that person is either "actually stopped" or when an "actual stop" of the person is "imminent." State v. Stanfield, 05-839 at 6, 925 So.2d at 716. A seizure occurs at the instant the police officer's conduct would have communicated to a reasonable, innocent person that he was not free to decline the police request or otherwise terminate the encounter. State v. Young, 05-702, p. 11 (La.App. 5 Cir. 2/14/06), 938 So.2d 90, 98. Whether a reasonable person would feel free to decline the police's request or otherwise terminate the encounter is the test to determine whether a seizure has occurred. Id. at 10, 938 So.2d at 98; State v. Stanfield, 05-839 at 7, 925 So.2d at 716. The seizure of an individual does not occur when an officer approaches an individual and asks a few questions, as long as a reasonable person would feel free to disregard the police and go about his business. State v. Long, 03-2592, p. 12 (La.9/9/04), 884 So.2d 1176, 1184, cert. denied, 544 U.S. 977, 125 S.Ct. 1860, 161 L.Ed.2d 728 (2005), citing Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). The viewpoint of an innocent person in the defendant's position should be used in deciding what constitutes a reasonable person. State v. Young, 05-702 at 10-11, 938 So.2d at 98. Even when the police have no basis for suspecting a particular individual of criminal activity, they generally may ask questions of that individual as long as they do not convey that compliance with their requests is mandatory. State v. Long, 03-2592 at 12, 884 So.2d at 1184, citing Florida v. Bostick, 501 U.S. at 436, 111 S.Ct. at 2386.
In the present case, Officer Mekdessie shined his vehicle's light on the defendant's vehicle. As Officer Mekdessie approached the defendant's parked vehicle, he ordered the occupants to place their hands where he could see them for his safety. The defendant did not comply. Then, Officer Mekdessie ordered the defendant to put his hands up. Again, the defendant did not comply with Officer Mekdessie's orders. Thus, defendant did not submit to the officer's show of authority. Instead, he freely disregarded Officer Mekdessie's orders. Consequently, the actual seizure did not occur until Officer Mekdessie physically grabbed the defendant out of the vehicle, handcuffed him, advised him of his rights, and arrested him for trespassing.
"Probable cause exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense." Gibson v. State, 99-1730, p. 7 (La.4/11/00), 758 So.2d 782, 788, cert. denied, 531 U.S. 1052, 121 S.Ct. 656, 148 L.Ed.2d 559 (2000). "The determination of probable cause, although requiring something more than bare suspicion, does not require evidence sufficient to support a conviction." State v. Simms, 571 So.2d 145, 148 (La.1990) (citation omitted). "The determination of probable cause, unlike the determination of guilt at trial, does not require the fine resolution of *163 conflicting evidence that a reasonable doubt or even a preponderance standard demands. . . ." State v. Simms, 571 So.2d at 149 (citations omitted). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. State v. Williams, 98-1006, p. 13 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, 72, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118 (citations omitted). The determination of reasonable grounds for an investigatory stop, or probable cause for arrest, does not rest on the officer's subjective beliefs or attitudes, but turns on a completely objective evaluation of all the circumstances known to the officer at the time of his challenged action. State v. Hill, 01-1372, p. 5 (La.App. 5 Cir. 5/15/02), 821 So.2d 79, 83 (citation omitted).
Officer Mekdessie testified that Belleview Park is located in the Gretna and Lafayette area. It was after dark when Officer Mekdessie saw the defendant's vehicle "was on Lafayette . . . almost to the end of the parking spots." Officer Mekdessie testified that Belleview Park was posted with signs stating that the park is closed after dark. Therefore, Officer Mekdessie had probable cause to arrest the defendant for trespassing because the defendant parked almost to the end of the parking spots in Belleview Park after dark without authority when there were signs posted indicting that the park was closed.[1] Based on the facts and circumstances known to Officer Mekdessie, he had a reasonable belief that the defendant had committed or was committing the offense of trespassing.[2]
Once a lawful arrest has been made, a warrantless search of the arrestee's person and of the area within his immediate control is permissible in order to remove any weapons from his person and to prevent evidence from being destroyed. State v. Bergman, 04-435, p. 4 (La.App. 5 Cir. 10/12/04), 887 So.2d 127, 129-30 (citations omitted). It is permissible to search the interior of an automobile after arresting its occupants when they remain in proximity to the vehicle. State v. Freeman, 97-1115, p. 5 (La.App. 5 Cir. 12/29/98), 727 So.2d 630, 634 (citations omitted).
In this case, after the hearing on the motion to suppress, the trial court made factual findings on the admissibility of the evidence that was seized without a warrant. The trial court found that the park was closed at night due to complaints and police concerns about incidents of crime in the area. The incident involving the defendant occurred at 8:06 p.m. The trial court also found that as Officer Mekdessie approached the defendant's vehicle, the defendant threw something onto the vehicle's floorboard. In a search incident to arrest, Officer Mekdessie searched the interior of the vehicle. Officer Mekdessie observed, in plain sight, the contraband that he previously saw thrown onto the *164 floorboard by the defendant and the contraband on the console.
The trial court's factual findings at a suppression hearing are entitled to great weight and should not be disturbed unless clearly erroneous. State v. Harris, 05-741, p. 4 (La.App. 5 Cir. 8/26/05), 916 So.2d 284, 286 (citations omitted). A ruling on a motion to suppress will not be disturbed absent abuse of the trial judge's discretion. LSA-C.Cr.P. art. 730(D); Harris, supra. We find that the trial court did not err in denying the defendant's motion to suppress.
We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
For the above discussed reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The circumstances are distinguishable from State v. Coleman, 01-112 (La.App. 4 Cir. 7/11/01), 791 So.2d 780, writ denied, 01-2257 (La. 10/12/01), 799 So.2d 1138, relied on by defendant, wherein the defendant approached the officer while exiting a courtyard in the Guste Public Housing Development. She was not in the hallways or on private property. She did not attempt to flee and there was nothing to show that the police were in any kind of danger. The officer determined that the defendant was trespassing because she told him she did not live in the Housing Development.
[2] A person who enters or remains upon immovable property owned by another without express, legal, or implied authorization can be charged with criminal trespass. LSA-R.S. 14:63(B) and (C).